1  KEKER, VAN NEST & PETERS LLP
   PAVEN MALHOTRA - # 258429
2  pmalhotra@keker.com
   MATAN SHACHAM - # 262348
3  mshacham@keker.com
   633 Battery Street
4  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
5  Facsimile:    415 397 7188

6  Attorneys for Defendant
   FACEBOOK, INC.

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10  LENA M. THOMAS, an individual          Case No.

11              Plaintiff,                 **DECLARATION OF MATAN SHACHAM
                                           IN SUPPORT OF NOTICE OF REMOVAL**
12       v.
                                           [Removed from Madera County Superior
13  FACEBOOK, INC., a foreign corporation; Court, Case No. MCV077662]
    and DOES 1-100, unnamed individuals; and
14  DOES 1-20, unnamed corporations,       Date Filed:  April 19, 2018

15              Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF MICHAEL P.  DUFFEY IN SUPPORT OF NOTICE OF REMOVAL
Case No.

1285487.01

I, Matan Shacham, declare as follows:

1.      I am an attorney licensed to practice law in the State of California, and I am a partner at the law firm of Keker, Van Nest & Peters LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Facebook, Inc. in the above-captioned action. I am duly admitted to practice law before this Court.

2.      I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

3.      Attached hereto as Exhibit A is a true and correct copy of the Summons and Complaint, which Plaintiff Lena M. Thomas filed on April 19, 2018, and which was received by Facebook by mail on May 11, 2018.

4.      Attached hereto as Exhibit B is a true and correct copy of the Notice and Acknowledgment of Receipt, which I signed and mailed back to Ms. Thomas on May 22, 2018.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 21, 2018, at San Francisco, California.


*/s/ Matan Shacham*
MATAN SHACHAM

---

1
DECLARATION OF MATAN SHACHAM IN SUPPORT OF NOTICE OF REMOVAL
Case No.

# EXHIBIT A

05 0918 - 0



Ms Lena Thomas
174 N Calaveras St
Fresno, CA 93701



CERTIFIED MAIL



7014 0460 0000 4356 2844





U.S. POSTAGE
PAID
FRESNO, CA
93721
MAY 02. 18
AMOUNT

**$8.67**

1000        94301        R2305K133043-09

UNITED STATES
POSTAL SERVICE

Attorney in Charge
Facebook Legal Department
156 University avenue
Palo Alto, CA 9430



05/09/18

Lena Thomas
BearTracks
1474904

PO:
                    Priority: Not Assigned

**1 of 1**                      Lette

Legal

**Research**
Research

1478140
Keep Shipping Love

050918-1

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lena Thomas, in Pro Per<br>174 N. Calaveras Street<br>Fresno, CA 93701-1855<br><br>TELEPHONE NO.: (559) 808-7628   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* tucninnis.lle@gmail.com<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA
    STREET ADDRESS: 200 South "G" Street
    MAILING ADDRESS:
    CITY AND ZIP CODE: Madera, CA 93637
    BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Lena Thomas, an individual

DEFENDANT/RESPONDENT: Facebook, Inc., a foreign corporate

*(handwritten note, highlighted):*
NOTE
Please sign and date below and mail a copy of this notice back to Plaintiff in the attached self-addressed envelope.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

| |
|---|
| MCV077662 |

TO *(insert name of party being served):* Facebook, Inc., Attorney in Charge

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 05-02-18

Rick Durazo
(TYPE OR PRINT NAME)

▶ *Rick Durazo*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☐ Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Lena Thomas, in Pro Per | |
| 174 N. Calaveras Street | |
| Fresno, CA 93701-1955 | |

TELEPHONE NO.: (559) 858-7628    FAX NO. (Optional):
E-MAIL ADDRESS (Optional): tacuinnis.llc@gmail.com
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA
STREET ADDRESS: 200 South "G" Street
MAILING ADDRESS:
CITY AND ZIP CODE: Madera, CA 93637
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Lena Thomas, an individual

DEFENDANT/RESPONDENT: Facebook, Inc. & a foreign corporation

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: MCV 072662 |
|---|---|

TO (insert name of party being served): Facebook, Inc., Attorney in Charge

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 05-08-18

Rick Durazo
_____
(TYPE OR PRINT NAME)

▶ Rick Durazo
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. ☐ A copy of the summons and of the complaint.
2. ☐ Other (specify):

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

0509 18-2

*Lehall Thomas in Proper*
*174 N Calaveras Street*
*Fresno, CA 93701-1855*
*(559) 800-2028*

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
MADERA SUPERIOR COURT

APR 1 9 2018

BONNIE THOMAS
_____ CLERK
_____ DEPUTY

**NOTICE TO DEFENDANT:** *Facebook, Inc., JUUL, a foreign*
**(AVISO AL DEMANDADO):** *Corporation, and DOE Si-ito,*
*unnamed individuals, and DOEs 1-20, un named*
*corporations;*

**YOU ARE BEING SUED BY PLAINTIFF:** *Lena Thomas, an*
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** *individual·*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *The Superior Court, County of* <br> (El nombre y dirección de la corte es): *Madera.* <br> *200 South "G" Street* <br> *Madera, CA 93637* | CASE NUMBER: <br> (Número del Caso): <br> **MCV077662** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *Lena Thomas*
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
*174 N. Calaveras Street, Fresno, CA 93701-1855, (559) 800-2028*

| DATE: APR 1 9 2018 | BONNIE THOMAS | Clerk, by | ROCIO BUENO | , Deputy |
|---|---|---|---|---|
| (Fecha) *04-15-18* | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of (specify): *Facebook, Inc.*

3. ☐ on behalf of (specify): *Lena Thomas, individual*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1 <br> Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

2018 050983

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Lena Thomas, in Pro Per<br>174 N. Calaveras Street<br>Fresno, CA 93701-1855 | |

TELEPHONE NO: (559) 800-7028   FAX NO.:

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA

STREET ADDRESS: 200 South "G" Street

MAILING ADDRESS:

CITY AND ZIP CODE: Madera, CA 93637

BRANCH NAME: Civil Division

CASE NAME: Thomas v. Facebook, Inc., a, a foreign corporation, and DOES 1-100 unnamed individuals and DOES 1-20 unnamed corporations

**FILED**
**MADERA SUPERIOR COURT**

APR 19 2018

**BONNIE THOMAS**  **CLERK**

**DEPUTY**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | MCV077662 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[X] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 8
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 04-15-18

Lena Thomas
(TYPE OR PRINT NAME)                  ►       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

050918-4

IN THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF MADERA
200 S "G" St
Madera, California  93637



**FILED**
MADERA SUPERIOR COURT

APR 2 6 2018
BONNIE THOMAS

*ERIKA RAMIREZ* ——— **CLERK**
——— **DEPUTY**

**Lena M Thomas**
    Plaintiff/Petitioner,     )
                              )
VS.                          )     Case No.   **MCV077662**
                              )
**Facebook Inc**             )
    Defendant/Respondent.    )     **NOTICE OF CASE MANAGEMENT CONFERENCE**
                              )

To:      Lena Thomas

1.   NOTICE IS GIVEN that a Case Management Conference has been scheduled on:

        Date: **August 2, 2018**   Time:  **8:30 am**   In: **Department 45**

     Matter to set to be heard with case: MCV077539.

2.   No later than 15 days before the date set for the Case Management Conference, each party must file a Case Management Statement, Mandatory Form CM-110 (New 7-1-02) and serve it on all other parties in the case.

3.   You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

4.   At the Case Management Conference the Court may make pretrial orders, including the following:

        a.   An Order establishing a discovery schedule.
        b.   An Order referring the case to Arbitration.
        c.   An Order dismissing fictitious defendants.
        d.   An Order scheduling exchange of expert witness information.
        e.   An order setting subsequent conferences and the trial date.
        f.   Other Orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code 68600, et seq)

5.   Case is assigned to Department 45 for all purposes.

- SANCTIONS -
If you do not file the Case Management Questionnaire required by local rule, or attend the Case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking the answer, and payment of money).

Date: April 26, 2018                          BONNIE THOMAS, Clerk of the Court

                                              *ERIKA RAMIREZ*

                              By:    _____

                                     Deputy Clerk, Erika Ramirez

**Declaration of Mailing**
I declare under penalty of perjury of the laws of the State of California that I am over the age of 18 years and not a party to this action. On the date shown below, I mailed the above document to the parties named below by depositing a true copy thereof in an envelope, first class postage prepaid and depositing the same in the Court mail basket for mailing in the United States Mail at Madera, California, or by placing in a mail receptacle at the Office of the Clerk.

Lena Thomas
147 N Calaveras Street
Fresno, CA  93701-1855

                                              **ERIKA RAMIREZ**

Date: April 26, 2018                 By:    _____

                                     Deputy Clerk, Erika Ramirez

NOTICE OF CASE MANAGEMENT CONFERENCE

CIVIL TRIAL DELAY REDUCTION PROGRAM

1.  You are expected to know the local rules, especially those on trial delay reduction.  If you do not have a copy of the local rules, purchase a copy from the Civil Division.

2.  Plaintiff must serve a copy of this notice on each defendant.  Show proof of service of this document with the proof of service of the summons.  Or you may provide proof of mailing to each defendant served by separate proof of service.

3.  Each party must file and serve a Case Management Conference Questionnaire at least fifteen (15) days before the hearing.  Attach additional pages discussing the questions in Paragraph 4 below to the extent they are not covered in the Questionnaire.  (The Questionnaire is a former Judicial Council form, CM-110.)  A new questionnaire must be filed before each conference.

4.  You must also discuss the following issues in your report to the court:

(1) Service of process on parties not yet joined; (2) Jurisdiction and venue; (3) Proposed joinder of other parties; (4) Proposed discovery and unresolved discovery controversies, and the names of witnesses for each party; (5) The substance of the parties' claims and defenses and a short statement setting out genuinely controverted issues of law or fact.  Statements must be of 50 words or less; (6) The need for adoption of special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems; (7) The advisability of referring matters to a referee or to arbitration or mediation; (8) The advisability of adopting special procedures, including bifurcation or severance of issues for trial; (9) Any other matters which may be conducive to the just, efficient, and economical determination of the case.

5.  **Continuances** of case management conferences are limited to ONE continuance of no more that 15 days by written stipulation filed with the court.  Send a copy of your stipulation to the Calendar Division.  Government Code 68616(d) and Local Rule 902.3.  Any continuance after the first one is subject to a continuance fee of $20.00.

6.  **Uninsured motorist cases**:  Please advise the Calendar Clerk immediately if your case is an uninsured motorist case.  The case management conference will be continued an additional 60 days.  If you have not filed a petition for arbitration, or dismissed the case within 180 days of filing the complaint or discovery that the case in an uninsured motorist case, an Order to Show Cause will issue to show why the case should not be dismissed.

7.  **Telephone appearances**:  A party may appear by telephone at a Case Management Conference only through the use of "Court Call".  A party who chooses to appear telephonically by Court Call is solely responsible for the cost of the Court Call service.  Arrangements for appearance by Court Call must be made in advance by telephoning the Court Call service at 888-88-COURT (888-882-6878).

8.  IF YOU NOTIFY THE COURT THAT AN AT ISSUE MEMO HAS BEEN FILED, THE CONFERENCE WILL BE VACATED.  Cases may be deemed at issue at the conclusion of the hearing and trial and settlement conference dates scheduled at the hearing, regardless of your attendance.  You should be prepared to advise the court of your availability for any proposed settlement conference or trial date.

9.  Information regarding trials and settlement conferences can be located in Madera Superior Court Local Rules Division 2: Trial Court Rules and Chapter 8 Section 2.8.1 located on the Superior Court website: www.madera.courts.ca.gov

Calendar Division phone number: Court Services Division 559-416-5540

Note: For general questions that do not relate to calendar matters, such as filing fee information, please call the Civil Division at 559-416-5525.

Revised: August 19, 2016



CM-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Lena Thomas<br>174 N. Calaveras Street<br>Fresno, CA 93701-1855<br><br>TELEPHONE NO.: (559) 860-7028    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* tuceinnis.lla@gmail.com<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY<br><br>**FILED**<br>MADERA SUPERIOR COURT<br><br>APR 1 9 2018<br><br>BONNIE THOMAS _____ CLERK<br>_____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA
STREET ADDRESS: 200 South "G" Street
MAILING ADDRESS:
CITY AND ZIP CODE: Madera, CA 93637
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Lena Thomas, an individual

DEFENDANT/RESPONDENT: Facebook, Inc., et al, a foreign corporation;
and DOES 1-100 unnamed individuals; and DOES 1-200 unnamed corporation

**NOTICE OF RELATED CASE**

| | |
|---|---|
| CASE NUMBER:<br>**MCV077662** | |
| JUDICIAL OFFICER: | |
| DEPT.: | |

Identify, in chronological order according to date of filing, all cases related to the case referenced above.

1. a. Title: *Thomas v. Twitter, Inc., et al, a corporation*
   b. Case number: MCV 007539
   c. Court: [X] same as above
      [ ] other state or federal court *(name and address):*
   d. Department: Civil Division
   e. Case type: [ ] limited civil [X] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
   f. Filing date: 04-04-2018
   g. Has this case been designated or determined as "complex?" [ ] Yes [X] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [ ] involves the same parties and is based on the same or similar claims.
      [X] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [X] involves claims against, title to, possession of, or damages to the same property.
      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [X] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title: Thomas vs. Facebook, Inc, et al
   b. Case number: 348-286871-16
   c. Court: [ ] same as above
      [X] other state or federal court *(name and address):* 348th District Court, 100 W. Calhoun Street, Fort Worth, TX 76196
   d. Department: Civil Division

CM-015

| PLAINTIFF/PETITIONER: Lena Thomas, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Facebook, Inc (a foreign corporation) | MCV077662 |

2. *(continued)*

    e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date: 05-09-2016

    g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☒ involves the same parties and is based on the same or similar claims.

        ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☐ pending

        ☒ dismissed ☐ with ☒ without prejudice

        ☐ disposed of by judgment

3. a. Title:

    b. Case number:

    c. Court: ☐ same as above

        ☐ other state or federal court *(name and address):*

    d. Department:

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 04-16-18

Lena Thomas
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

CM-015

| PLAINTIFF/PETITIONER: Lena Thomas, *an individual* | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Facebook, Inc., *a foreign corporation* | MCV077662 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1.   I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2.   I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a.  ☐   deposited the sealed envelope with the United States Postal Service.
   b.  ☐   placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.   The *Notice of Related Case* was mailed:
   a.  on *(date):*
   b.  from *(city and state):*

4.   The envelope was addressed and mailed as follows:
   a.  Name of person served:

        Street address:
        City:
        State and zip code:

   b.  Name of person served:

        Street address:
        City:
        State and zip code:

   c.  Name of person served:

        Street address:
        City:
        State and zip code:

   d.  Name of person served:

        Street address:
        City:
        State and zip code:

☐   Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

Lena Thomas

_____
(SIGNATURE OF DECLARANT)

050918-b

FILED
MADERA SUPERIOR COURT

APR 1 9 2018
BONNIE THOMAS
CLERK
DEPUTY

Lena Thomas, in Pro Per
174 N. Calaveras Street
Fresno, CA 93701-1855
(559) 800-7028

## IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MADERA

| | |
|---|---|
| LENA M. THOMAS, an individual,<br><br>Plaintiff<br><br>*vs.*<br><br>FACEBOOK, INC.  a foreign corporation;<br><br><br>and DOES 1-100, unnamed individuals;<br><br><br><br>and DOES 1-20, unnamed corporations;<br><br>Defendants | CIVIL ACTION CASE NO. MCV077662<br><br>**COMPLAINT FOR:**<br>  DAMAGES<br>  DECLARATORY RELIEF<br>  INJUNCTIVE RELIEF<br>  PRELIMINARY INJUNCTION<br>  PREVENTATIVE INJUNCTION<br>  PERMANENT INJUNCTION<br><br>**VIOLATIONS OF:**<br><br>  18 U.S.C. § 1030(I)(12)(g)<br>  18 U.S.C. § 2: Aiding and Abetting<br>  CPC 182 PC: Conspiracy<br>  CPC § 646.9: Cyber-stalking<br>  CPC § 602: Criminal Trespass<br>  CPC § 502: Invasions of Privacy<br>  CPC § 502: Anti-Stalking Law<br>  CPC § 502: Computer Data Access/Breaches<br>  Chapter 7.5: Obscene Matter [311 - 312.7]<br>  CPC § 653.2: Indirect Harassment<br>  Title 12 USC § 1976: Injunctive Relief<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

COMES NOW, Plaintiff, LENA M. THOMAS (hereinafter "Plaintiff"), in Pro Per,

brings this claim for damages, declaratory relief, injunctive relief, special and punitive

1

damages, costs, and other appropriate relief, against Defendant FACEBOOK, INC., (hereinafter

"Facebook") for targeting behaviors, security breaches, data breaches, invasions of privacy, and

patterns of hacking conduct and behaviors pursuant to 18 U.S.C. § 1030(I)(12)(g) for violation of

one or more of the substantive provisions set forth in U.S.C § 1030(a); and conduct involving

one or more of the factors in U.S.C. § 1030(c)(4)(A)(i)(I)-(V); for invasions of privacy related to

CPC § 502; for conspiracy pursuant to CPC § 182PC; for indirect harassment relate to CPC §

653.2; for computer data access related to CPC § 502; for Electronic Harassment and/or

Stalking/Cyber-stalking related to CPC § 646.9; for Criminal Trespass related to CPC § 602; for

damages and injunctive relief pursuant to Title 12 USC § 1976; for violations of plaintiff's civil

rights pursuant to 28 U.S.C. § 1443; and for Tort Claims Acts violations pursuant to 28 U.S.C.

§§ 2671-80; and pursuant to all statutes and laws as presented herein. In addition, Plaintiff

incorporates by reference the allegations in, and further brings this suit pursuant to all of the

statutes, laws, and allegations as set forth in related Civil Action Case No. 34828687116 that was

filed on August 5, 2016 in The United States District Court for the Norther District of Texas,

Fort Worth Division. Facebook is the only defendant being sued in this case, because the other

defendants named in related Civil Action Case No. 34828687116 were previously dismissed.

However, the information and evidence concerning the former defendants named in the case will

remain and become a part of this present case to show cause and how they are related to this

case. Plaintiff alleges that all of the Defendant's actions and patterns of conduct and behavior are

connected, grievous, damaging, continuous and ongoing in nature, and are either similar, the

same, related, or inter-related to an ongoing series and patterns of conduct, actions, behaviors,

and criminal offenses being conducted against her; thereby presenting evidence of collusion and

their involvement in an ongoing conspiracy against Plaintiff that involves other Defendants (not

a part of this suit) who have consistently and continuously created and used forms of

defamatory, slanderous, and libelous innuendo to insinuate, imply, and create a type of secretive,

accusatory, form of malicious prosecution that appeared to be accusing Plaintiff of sexual

misconduct, violence, and other criminal activity that created the impression that the depicted

person, Plaintiff, is a sexual abuser, a pedophile, and a seasoned criminal, which she is not.  The

Defendants and those associated with them or under their direction have also committed

defamation libel, breaches of anti-stalking laws, criminal trespass, criminal harassment,

terroristic threat, and privacy violations in addition to several other purposeful tortious acts

against Plaintiff by means of electronic communications via the World Wide Web, and by other

graphic means as outlined in complaints and evidence that will be presented at time of trial.

Plaintiff contends, and will prove, that most all of that has been and is being done to her has

racist, oppressive, and discriminatory origins and connections and the people involved do not

plan to stop working against Plaintiff; therefore, they must be stopped by whatever means is

necessary.  In addition, Plaintiff intends to prove that Defendant Facebook has become a part of

this tortious ongoing and continuous conspiracy to destroy Plaintiff's life; thereby committing

negligence and failing to protect by allowing blatant breaches of security, invasions of privacy,

and other related offenses,  including abuses of power and allowed others (which include law

enforcement officials) to abused the power of their authority pursuant to Title 42 U.S.C. § 1983

et al and 42 U.S.C. § 1414 in ways described in this Complaint and the evidence  to be presented

at time of trial. Therefore, as a result of Defendant's grievous, sick, often demented, outrageous,

and unlawful actions, Plaintiff is entitled to the damages and relief as requested herein.

### JURISDICTION

1.   Jurisdiction is founded on the basis of all of the statutes, laws, and allegations as

3

stated above and the existence of a federal civil rights statutes pursuant to 28 U.S.C. § 1443

and Tort Claims Acts violations pursuant to 28 U.S.C. §§ 2671-80, for financial damages caused

by patterns of civil, human rights, torturous acts, and constitutional violations associated with

efforts to deprive plaintiff of her civil rights and the invasion of her privacy. Jurisdiction is also

proper on the basis that (a) federal and state tort claims actions against individuals and

governmental agencies can be brought in any district court, (b) and that all of the matters herein

stated are connected and continuous in nature. Jurisdiction is also founded on the premise that

the matter in controversy, exclusive of interest and costs, exceeds the sum of ten thousand

dollars.

## STATUTE OF LIMITATIONS

2.    Due to the ongoing nature of the crimes committed against Plaintiff, there is no

statute of limitations regarding state or federal crimes of unlawful conduct, especially when the

crimes are continuous and ongoing in nature. State governmental immunities and claims

presentation requirements do not apply to violations of a civilian's civil rights under Federal

Civil Rights Laws and State and Federal Tort Claims Act Violations of a continuous nature,

because the nature of the wrongs makes null and void all immunities Defendants are afforded

under this Act.

"Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388
(1971), provides the means by which clients can seek redress for actions committed
continuously over long periods of time."

3.    The allegations in this Complaint clearly falls within the scope of the law as stated

above, because they do not fall within the meaning of lawful acts. The patterns of conduct and

actions of the Defendants, whether committed by individuals, corporations, agencies, or those

associated with or employed by them or under their direction, were, and are, clear violations of

4

the law and abuses of their power and authority that led to Plaintiff being targeted and violated,

and the subsequent security and data breaches, data mining, invasions of privacy, etc., as well as

violations of Plaintiff's human, civil, and constitutional rights.

## PLAINTIFF

4.    Plaintiff is Lena Thomas, a 63 year old divorced mother of one, currently residing

at 174 N. Calaveras Street, Fresno, CA  93701-1855.  All notices, letters, and documents

regarding this claim are to be mailed to the above address as well as to Plaintiff's attorney

when and if she ever secures one.

## DEFENDANTS

5.    Defendant is FACEBOOK, INC., a corporation licensed in the State of California

and doing business primarily as an Internet social networking website with reach to all states and

countries with access to the Internet. The physical and mailing address for Facebook

headquarters is: FACEBOOK, INC., 1 Hacker Way, Menlo Park, CA  94025; Facebook Legal

Department, 156 University Avenue, Palo Alto, CA 94301; Email: legal@facebook.com;

Subpoenas and court orders can be mailed or faxed to:  Facebook; Attn: Security Department,

1601, South California Avenue, Palo Alto, CA  94304: Fax #: (650) 644-3229.  You can contact

Facebook headquarters by calling 1-650-308-7300.

## GENERAL ALLEGATIONS

6.    Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs as though set forth at length herein.

7.    Plaintiff brings this suit against Defendant FACEBOOK, INC. for their refusal to

act, abuses of power and allowing certain abuses of power to occur, targeting behaviors, data and

security breaches, data mining, data tampering, negligence, fraud, mental, emotional, and

psychological warfare, torture and abuse, invasions of privacy, and their culpability and

involvement in a blatant conspiracy that involves retaliation against her that involves other

defendants who are not a part of this suit.

     8.    Plaintiff hereby alleges that for an ongoing and continuous period of time

(specifically for the past 15 plus years) certain social networks (which includes Facebook.com)

has, as themselves or under various aliases and those employed by them or under their direction;

and by means of illegal and torturous security and data  breaches and invasions of privacy, has

engaged in targeting behaviors, data mining, data breaches, security breaches, invasions of

privacy, aiding and abetting conduct and behavior, a conspiracy, various forms of tampering,

debauchery, spying, and other illegal activity against Plaintiff; thereby violating Plaintiff's rights

pursuant to all of the following statutes: 18 U.S.C. § 1030 (I)(12) (g); CPC § 31: Aiding and

Abetting; CPC 182 PC: Conspiracy; CPC §  646.9: Cyber-stalking; CPC § 602: Criminal

Trespass; CPC § 502: Invasions of Privacy; CPC § 502: Anti-Stalking Law; CPC § : Obscene

Display/Distribution; Cal. Pen. Code § 653.2: Indirect Harassment; Cal. Pen. Code § 502:

Computer Data Access; and Title 12 USC § 1976: Injunctive Relief, and all statutes as stated

herein and those included in aforementioned Civil Action Case No. 34828687116.  In a

continuous and ongoing libelous, and invasive manner, Plaintiff believes and has confirmed that

these organizations  have been targeting Plaintiff and transmitting various forms of written

communications, notifications, videos, photographs, and other electronic media arranged and

presented in a manner in which to violate, stress, annoy, shame, abuse, accuse, slander, defame,

damage, and destroy.  In addition, these organizations have created and used forms of innuendo

to insinuate, imply, and create a type of secretive, accusatory, form of malicious prosecution that

appeared to be accusing Plaintiff of sexual misconduct, violence, and other criminal activity.

These created forms of innuendo are defamatory, slanderous, and libelous in that it creates the impression that the depicted person, Plaintiff, is a sexual abuser, pedophile, and a seasoned criminal out to hurt and harm any and everybody breathing. Plaintiff contends that Facebook has become a part of this ongoing and continuous conspiracy and effort to destroy Plaintiff and she demands justice, injunctive relief, and the damages as stated herein.

9.   In addition, Plaintiff joins and incorporates by reference all of the allegations as set forth in former Civil Action Case No. 34828687116 which was filed on August 5, 2016 in The United States District Court for the Northern District of Texas, Fort Worth Division. This case was never adjudicated and was dismissed in October 2017 for lack of prosecution by the court, and as it applies to Plaintiff, for lack of adequate legal representation. The entire complaint will be joined and presented as evidence at time of trial along with the other evidence that Plaintiff has collected in this case despite the cruel and devastating actions of these defendants and their aiders and abettors and/or co-conspirators.

## CAUSES OF ACTION

### CAUSE 1

**Violation of Chapter 7.5. Obscene Matter [311 - 312.7];
in conjunction with Violation of 42 U.S.C. § 1983); in conjunction with
Violation of 18 U.S.C. §§1961-1968 and §§ 241-248;
in conjunction with Violation of CPC 182 PC: Conspiracy**

10.   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as though set forth at length herein. Plaintiff further alleges:

11.   Plaintiff contends that one *sure way* of determining what an attack or something was set up and DESIGNED FOR is "*HOW IT MAKES YOU FEEL!*" Therefore, in this claim and in some of Plaintiff's evidence, she will attempt to make this Court understand this statement.

7

12.     On or about September 2011, Plaintiff opened an account with

www.facebook.com.  At first, everything appeared to be okay until Plaintiff started accepting

friends, posting, liking posts, and responding to and making comments on other posts more

frequently.  Plaintiff contends that beginning on an exact date unknown to Plaintiff in the year

2013, and on various  dates on and between March 10, 2016  to March 11, 2018 and continuing,

(escalating on or about March 10, 2016), Defendant Facebook (and those connected to or under

their direction) violated the aforementioned statutes and laws. Plaintiff began to be attacked with

pornographic material and images that angered and disturbed her greatly, because these

pornographic images appeared out of nowhere (which made her feel that she was being targeted)

and it was something that had been done to her before. In this pattern of conduct and behavior,

pornographic material began to appear in and on the Public Timeline where very little to none

had appeared before and Plaintiff is viciously attacked with some versions of flash porn.  This

material is and was a very unwanted surprise that brought back memories of the previous

pornographic attacks; therefore, Plaintiff immediately related the experience to an ongoing

conspiracy against her that is supported by evidence!  Plaintiff further contends that the

allegations contained in **CAUSE 5, Item No. 42** below is connected to and a part of this whole

conspiracy of evil and she intends to prove it.

13.     As part of an ongoing conspiracy against Plaintiff, Defendants have engaged in

targeting and a pattern of cyber-stalking and sexual harassment behaviors against Plaintiff that

appears to be progressive, recurring, and continuous in nature.  The conduct included in Item No.

1 above is not the only Facebook.com occurrence of overt sexual debauchery and harassment;

therefore, Plaintiff is afraid that the Facebook occurrences will continue and increase if

something is not done about it.  Previously, these continuous and ongoing  patterns of sexual

8

conduct and behaviors have progressed from various forms of innuendo, flash porn, explicit flash photos of sexual body parts to implying or showing (1) extreme sexual desire; (2) to lust; (3) to sexual overtures through sexually explicit electronic communications; (4) to implying sexual assault or violation by means of home invasions of privacy and/or sexually torturous conduct that appear to be implying and indicating via electronic communications that Defendants had gained entry into Plaintiff's home and violated her and she had no idea that it had ever happened; (5) to using innuendo and other electronic communications to imply they are spying on Plaintiff electronically through her computer while she's online; (6) to using sexual manipulations and exploitation through invasive visual recording (IVR) or the threat thereof (7) to sexual demeaning or forms of sexual racism or sexual racist demeaning, degrading, and devaluing; (8) to sexual manipulations; (9) back to sexually explicit communications; (10) to the threat of sexual manipulations and exploitation with the use of IVR or the threat thereof. Over the years, Plaintiff has noticed a decisive shift in the content of sexually demeaning and devaluing racist filth and how the acts are committed as well as a shifting of blame to different races and genders, extending out and continuing from the core act(s) that started the whole vicious cycle of this conspiracy of lies, deceit, thievery, and evil; all the way around to blaming the Plaintiff and/or the victim for every vicious, malicious act or offense perpetrated against her by the Defendants.

14.     Specifically, upon information and belief, Plaintiff's observations leads her to believe that Defendants have created false profiles on Facebook.com's website using false names and false photographs specifically to target Plaintiff and hack into and hijack Plaintiff's online profiles to gain access to Plaintiff's personal and private information. It is also Plaintiff's belief that FACEBOOK, INC. has allowed other co-conspirators, and those employed by them or under their direction, access to Plaintiff's page and private information to viciously and maliciously

torture, defame, and destroy her, which puts them in violation of violation of Chapter 7.5.

Obscene Matter [311 - 312.7]; in conjunction with violation of 42 U.S.C. § 1983); in conjunction

with violation of 18 U.S.C. §§1961-1968 and §§ 241-248; and in conjunction with violation of

CPC 182PC: Conspiracy.  Defendants are directly and indirectly responsible for violations of all

of the statutes and laws as described in CAUSE 1, Items Nos. 10-14 above, and as a result of

these violations, Plaintiff has been damaged and seeks relief as stated herein.

## CAUSE 2

**Violations of CPC § 502: Computer Data Access (Security and Data Breaches)**
**in conjunction with Violation of CPC 182 PC: Conspiracy; in conjunction with**
**Violation of Section § 230: False Light Defamation Libel and Libel Per Se**

15.    Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs as though set forth at length herein.  Plaintiff further alleges:

16.    Plaintiff is alleging that from on or about January 2013 and continuing (escalating

on or about March 10, 2016 thru March 11, 2018, and continuing, Defendant FACEBOOK

targeted her using various methods; thereby, violating the aforementioned statutes and laws as

stated above.  In addition, the Defendants  has engaged in an ongoing and continuing conspiracy

against her that includes account tampering, timeline and page altering, and data and security

breaches that includes computer hacking and computer terrorism, which is connected to an

ongoing conspiracy against Plaintiff that includes other who are not a part of this claim.  In this

ongoing conspiracy, other Defendants (not included in this complaint) has targeted Plaintiff and

created and used forms of innuendo to insinuate, imply, and create a type of secretive,

accusatory, form of malicious prosecution that appeared to be accusing Plaintiff of sexual

misconduct, violence, and other criminal activity which has and is depicting Plaintiff in a false

light and has interfered with, diminished, and basically destroyed her livelihood and economic

advancement. Plaintiff contends that Defendant Facebook has been and is a part of this ongoing destructive conspiracy.

17.   **False Light Defamation**: Information presented in a "false light" is portrayed as factual, but creates a false impression about the plaintiff, such as (i.e., photographs of plaintiff that appears out of place that implies that she is a blatant liar and trying to deceive people), which Plaintiff uncovered on April 11, 2018. False Light Defamation is also committed by using innuendo to insinuate, imply, and create a type of secretive, accusatory, form of malicious prosecution that appeared to be accusing plaintiff of sexual misconduct, violence, and other criminal activity; and to imply or insinuate sexual abuse, because it creates the impression that the depicted persons are sexual abusers or pedophiles).

18.   **Defamation Libel:** "Defamation expressed in written or other graphic form that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose them to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation; or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury." Plaintiff contends that Defendant Facebook (and those associated with, employed by, or under their direction) is and has been a part of this kind of ongoing and continuing violations of her and her rights that is blatant and malicious as well as secretive and hidden.

19.   These created forms of innuendo are defamatory, slanderous, and libelous in that it implies and creates the impression that the depicted person, Plaintiff, is a sexual abuser, pedophile, and a seasoned criminal. Plaintiff has detected signs of this form of malicious prosecution appearing in Facebook.com and she is demanding the right to get to the bottom of it and put a stop to it and/or halt its progression. This ongoing and continuing conspiracy includes an ongoing and continuing setting up and establishing of fake Facebook accounts that appear to be real; however,

11

the communications later begins to resemble that of known Scam Artists. These forms of Scam

Artist invasion of privacy usually have occurred right after Plaintiff sent a complaint to law

enforcement agencies regarding Scam Artists (which has become a pattern of behavior) who

have contacted and attempted to defraud her.  Law enforcement should know or should have

known that Plaintiff knows how to identify Scam Artists (because of the many times that she has

sent complaints about Scam Artists to them); therefore, the conduct and behavior associated with

these Facebook accounts has no merit, and Plaintiff intends to prove that this targeting,

interference, and privacy invasion is associated with an ongoing and continuous conspiracy that

involves many evil and deceptive setups designed to destroy her personally and economically.

Therefore, Plaintiff has concluded that some members of law enforcement is involved in this

ongoing and continuing conspiracy against her and they are targeting her through Facebook and

have involved Facebook.com in their cyber-stalking, invasive, destructive meddling.

    20.   In addition, Plaintiff contends that some of these Scam Artists setups are and were designed

specifically to cover for, destroy, and steal any legitimate income that Plaintiff may or could

receive from her books, her fundraisers, and by any other means. Defendant Facebook is and has

been a part of a system that uses Scam Artists tactics to manipulate and defraud plaintiff, destroy

her livelihood, and her ability to see any economic or personal gain from her intellectual

properties. Plaintiff demands the right to subpoena, depose and/or question anyone to determine

if someone has gotten them directly involved in a conspiracy to deceive, manipulate, tamper

with, interfere with, defraud, and damage plaintiff's trust and tie them to a form of ongoing and

continuing malicious prosecution that involves sexual innuendo and defames and implies evil

and false things about Plaintiff.

    21.   **California Penal Code §502** "expands the degree of protection afforded to

individuals, businesses, and governmental agencies from tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems.   The Legislature finds and declares that the proliferation of computer technology has resulted in a concomitant proliferation of computer crime and other forms of unauthorized access to computers, computer systems, and computer data.  The Legislature further finds and declares that protection of the integrity of all types and forms of lawfully created computers, computer systems, and computer data is vital to the protection of the privacy of individuals as well as to the well-being of financial institutions, business concerns, governmental agencies, and others within this state that lawfully utilize those computers, computer systems, and data."

22.   According to 38 USCS Â§ 5727(4)  the term **"data breach"** means the loss, theft, or other unauthorized access, other than those incidental to the scope of employment, to data containing sensitive personal information, in electronic or printed form, that results in the potential compromise of the confidentiality or integrity of the data.

23.   A "**security breach**" is any incident that results in unauthorized access of data, applications, services, networks and/or devices by bypassing their underlying security mechanisms."

24.   **Invasion of Privacy**: "is the illegal entry or trespassing on private dwellings, property, computers, or stealing the literary properties of individuals; or the recording, transmission, promoting, or broadcasting of sexually explicit visual images of individuals via electronic or other means to individuals without their consent."

25.   **Computer Hacking**: "computer hacking will involve some degree of infringement on the privacy of others or the damaging of a computer-based property such as web pages, software, or files. . . . The primary issue attached to computer hacking stems from an individual's ability to access crucial or personal information that is found on a computer network. The ability to

13

retrieve and subsequently tamper with such information will give way to the potential to commit

heinous criminal acts."

    26.  **Computer Terrorism** is committed when "a person commits a computer crime or

unauthorized use of a computer or computer network with intent to intimidate or coerce the

civilian population or a unit of government."

    27.  Plaintiff is alleging that beginning on an exact date  unknown to her and continuing

(escalating on various dates between March 10, 2016 to March 11, 2018), and continuing to the

present date, the Defendants violated all of the aforementioned statutes and laws and were/are

engaged and involved in an ongoing secretive, silent, and deadly conspiracy being committed

against Plaintiff.  Defendants are directly and indirectly responsible for violations of  CPC § 502

and all of the statutes and laws as described in Items Nos. 9-27 above, and as a result of this,

Plaintiff has been damaged and demands the relief as stated herein.

**CAUSE 3**

**Violation of CPC § 502: Anti-Stalking Law and
CPC § 646.9: Electronic Harassment/Cyber-stalking,
in conjunction with Violation of CPC 182 PC: Conspiracy**

    28.  Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs as though set forth at length herein.  Plaintiff further alleges:

    29.  **CPC § 502: Anti-Stalking Law:**  "On more than one  occasion, following, placing

a person under surveillance, making threats, restraining, confining, or behavior or threats that

causes the victim to fear immediate or future injury, death, or damage to his or her property.

Threats and/or actions can be conveyed either directly to the victim or through family or

household members."

    30.  **CPC §  646.9: Electronic Harassment/cyber-stalking:** "Electronic harassment

14

[often referred to as cyber-stalking] involves using the Internet to annoy, abuse, threaten or harass another person. . . . Code includes computer crimes as offenses against property, which includes hacking, cracking, hijacking, fraud, criminal trespass, privacy invasions, and the use of processing power without the effective consent of the owner of that computer is a breach of computer security which is an offense."

31.  **Cyber-Bullying** "is an act of harassment and abuse that takes place within a digital setting, most commonly classified as Internet or Online-based forums. Due to the fact that the act of Cyber-Bullying is inherent to a virtual realm, the classifications of the individual types of Cyber-Bullying that exist are expansive in nature. With regard to the victims involved, Cyber-Bullying can take place as a result of prejudice towards individual sexual orientation, age, or religion. The effects of Cyber-Bullying may range from the onset of depression to suicide."

32.  In the People v. Norma, 89 Cal. Rptr.2d 806 (Cal.Ct.App.1999), "The appeals Court ruled that the stalking statute does not require the victim's fear to be contemporaneous with the stalker's threats and harassment.  Nothing in the language of the statute required a concurrence of act and reaction. The victim did not learn about the defendant's actions as they occurred because he was out of the country. When the victim did learn of the defendant's acts and threats, he suffered the requisite fear.  The court found that the victim must become aware of the stalker's conduct, but that awareness does not have to be contemporaneous with the acts."

33.  Plaintiff is alleging that beginning on an exact date unknown to her and continuing (escalating on various dates between March 10, 2016 thru March 11, 2018) and continuing to the present date, the Defendants were engaged in an ongoing conspiracy being conducted against Plaintiff that includes other defendants not named in this suit, and were directly and indirectly responsible for violations of CPC § 502, CPC § 646.9, and CPC 182PC as described in Items Nos. 28-33 above; and as a result, Plaintiff has been damaged and demands relief as stated.

## CAUSE 4

### Violation of CPC § 653.2: Indirect Harassment in conjunction with
### Conspiracy to Violate pursuant to CPC § 182PC

34.   Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs as though set forth at length herein.  Plaintiff further alleges:

35.   As part of an ongoing conspiracy against Plaintiff, beginning on an exact date

unknown to Plaintiff (escalating on various dates between March 10, 2016 thru March 11, 2018)

and continuing, the Defendants have engaged in a pattern of cyber-stalking and sexual

harassment behaviors against Plaintiff that appears to be progressive, recurring, and continuous

in nature.  Many times on Facebook.com overt sexually explicit material has popped up and

appeared that was offensive and sometimes appeared to be racist in nature.  Therefore, Plaintiff

is afraid that the Facebook occurrences will increase if something is not done about it.

Previously, these continuous and ongoing patterns of sexual conduct and behaviors have

progressed from (1) extreme sexual desire; (2) to lust; (3) to sexual flashes and overtures through

sexually explicit electronic communications; (4) to implying sexual assault or violation by means

of home invasions of privacy and/or sexually torturous conduct that appear to be implying and

indicating via electronic communications that Defendants had gained entry into Plaintiff's home

and violated her and she had no idea that it had ever happened; (5) to using innuendo and other

electronic communications to imply they are spying on Plaintiff electronically through her

computer while she's online; (6)  to using sexual manipulations and exploitation through

invasive visual recording (IVR) or the threat thereof (7) to sexual demeaning or forms of sexual

racism or sexual racist  demeaning, degrading, and devaluing; (8) to sexual manipulations; (9)

back to sexually explicit communications; (10) to the threat of sexual manipulations and

exploitation with the use of IVR or the threat thereof.  Over the years, Plaintiff has noticed a

decisive shift in the content of sexually demeaning and devaluing racist filth and how the acts are committed as well as a shifting of blame to different races and genders, extending out and continuing from the core act(s) that started the whole vicious cycle of this conspiracy of lies, deceit, thievery, and evil; all the way around to blaming the Plaintiff and/or the victim for every vicious, malicious act or offense perpetrated against her by the Defendants.

36.   Specifically, upon information and belief, Plaintiff's observations leads her to believe that Defendants have created false profiles on Facebook.com and created and established a different and false Timeline on the website to censor Plaintiff and destroy her voice.  Plaintiff also believe that in order to accomplish this, Defendants or those employed or under their direction, have hacked into and hijacked Plaintiff's online profile to gain access to data and personal and private information.  It is also Plaintiff's belief that Facebook has allowed other defendants who are named in other complaints Plaintiff has filed or will file in California and other courts (and those employed by them or under their direction) access to Plaintiff's Facebook Page and her private information in order to viciously and maliciously torture, defame, and destroy her.  The evidence in these complaints, coupled with the evidence to be presented in this case, will support Plaintiff's allegations of an ongoing and continuous conspiracy against her designed specifically to destroy her.

37.   Therefore, due to Items 34-36, Defendants were/are in violation of CPC § 653.2 in conjunction with CPC 182PC, and as a result, Plaintiff has been damaged and demands relief as stated herein.

## CAUSE 5

### Violation of 18 U.S.C.2: Aiding and Abetting, in conjunction with Violation of CPC § 182 PC: Conspiracy

38.   Plaintiff incorporates by reference the allegations set forth in the preceding

Paragraphs preceding paragraphs as though set forth at length herein.  Plaintiff further alleges:

39.   **Aiding and Abetting:**  "The legal term *aiding and abetting* refers to a person's action to help, support, or approve of someone else's illegal act. Aiding and abetting is a crime in itself, held against those who would somehow assist a criminal – short of physically contributing to the illegal act. In many jurisdictions, aiding and abetting is the same as an "accessory" to the crime."

40.   **Conspiracy:**  "Conspiracy under Penal Code 182PC  is an agreement between two or more people to commit a criminal act and an act taken by one or more parties of a conspiracy in furtherance of one or more of the criminal objectives of the conspiracy."

41.   Plaintiff is alleging that beginning on an exact date unknown to her (escalating on Various dates between March 10, 2016 to March 11, 2018) and continuing, the Defendants were engaged in an ongoing secretive, silent, and deadly conspiracy designed to continually violate her and her rights.  An ongoing, continuing secretive, but deadly, conspiracy that involves a number of conspirators and co-conspirators who intends to continue violating Plaintiff in any and every way possible, in both direct and indirect ways, and in secretive as well as  overt ways, personally and via the Internet.  By engaging in and aiding and abetting these conspirators, Facebook.com is responsible for violations of 18 U.S.C.2: Aiding and Abetting, in conjunction with Violation of CPC § 182 PC: Conspiracy, and as a result of this, Plaintiff has been and will continue to be damaged as a result of the Defendants and their co-conspirators actions.

42.   Plaintiff is informed and believes, and is further alleging that the Defendant's patterns of conduct and behavior confirms that they are now allied or associated with other defendants in other cases who, from on an exact date unknown to Plaintiff (escalating on various dates between March 10, 2016 and  March 11, 2018) and continuing, have insinuated, implied,

18

promoted, transmitted, and broadcasted in various ways via electronic communications (i.e.,

arranging and transmitting various forms of written communications, notifications, videos,

photographs, videos, and other electronic media to slander, defame, secretly and overtly accuse,

and abuse, and create forms of innuendo to insinuate and imply) certain gross, demeaning,

inflammatory, and defamatory negatives about Plaintiff relating to the most intimate parts of her

anatomy.  Plaintiff intends to prove that the barrage of sexual connotations in the electronic

media transmissions and the diminishing, demeaning, devaluing nature of the language in certain

words and phrases, such as (i.e., *BIG, HUGE, big pussy, box, big box, and black box; "Some*

*things are just TOO big…;" "It's called the really BIG thing;" "You out there . . . are too big to*

*f#%k;" "Nothing works faster than A…., look for it in the WHITE box;" Titan Up, ". . . get*

*Finish…" "Back up or back it up;" "If it fits, it ships;" "When it fits, you can feel it;" "Why risk*

*getting shut down for good or indefinitely, when you could just switch;" "So easy… so smart… so*

*switch;" etc., etc.),* are by no means a coincidence.  Neither is the electronic communications

sent by the Defendants implying with words and visual images certain vile things about Plaintiff,

a coincidence.  In addition, neither is the Defendants threatening that they have photographs they

would distribute, indefinitely, in an effort to destroy Plaintiff and every aspect of her life, a

coincidence.  These communications were also using forms of innuendo and other methods to

imply and insinuate that Plaintiff was some violent sexual abuser or predator, because the most

intimate part of her anatomy was unfit and way too BIG, LARGE, OR HUGE, and that

therefore; she had to automatically be some sexually violent criminal out to abuse any and

everybody breathing.  It created the impression that the depicted person, Plaintiff, was a sexual

abuser or a pedophile.  Without a doubt, the only way that these Defendants could ever have any

such photographs is that (1) they literally created them using body parts that are not mine,

because there's nothing BIG, LARGE, or HUGE about Plaintiff's sexual organs; and (2) if they actually have photographs of Plaintiff in a compromising way, there's no doubt that they manufactured everything (altered or photo-shopped them) and took the photographs while in the commission of some of the most vile, reprehensible criminal acts known to mankind while Plaintiff was drugged, incapacitated, or under the influence of some other agent of evil created and ordered by the Defendants. There's not one thing that Defendants can show anyone that they have not literally set up or manufactured. Be it also known that Plaintiff has never been a sexual abuser of any kind, and would never be an abuser of children or anyone else, and that these Defendants and their cohorts have set Plaintiff up using vile things that they have setup and exploited to cover for their own crimes and criminal activity, to destroy Plaintiff. Recorded patterns of conduct and behavior indicates that these Defendants and their cohorts are trying very hard to CREATE a criminal or CAUSE criminal conduct and behavior to manifest itself in Plaintiff or to become a part of Plaintiff. Furthermore, Plaintiff has observed patterns of conduct and behavior that indicates that this vile SETUP was DESIGNED to devalue her; destroy her physically, spiritually, mentally, and emotionally; destroy her looks; steal from her; discriminate against her; demean her; exploit her sexually and make her a poster child for certain sinful conduct and behavior; and keep her in a state of poverty and destroy her economically, etc., etc. Plaintiff is informed and believes that these Defendants were/are so adamant and determined to obstruct, alter, circumvent justice, and destroy her, that they have or would literally set her up to make it appear as if she had committed crimes that she would never be responsible for under any circumstances. Furthermore, Plaintiff has observed patterns of conduct and behavior that indicates that she is being setup by the Defendants and they could actually make it appear as if she has committed such crimes. Since all of the actions and patterns of conduct and behavior of

20

all of the Defendants are the same, similar, related, or inter-related, all of the Defendants are or have become a part of an ongoing, continuous conspiracy against Plaintiff and they are all liable and should be held accountable, including Defendant Facebook.

43.    Plaintiff is a writer and published author who does most of her business online. Plaintiff is alleging that Defendant's actions and patterns of conduct and behavior that leads her to believe that they are now a part of an ongoing and continuous conspiracy against her, have already damaged her success in the online community as well as in the personal and social community as well.

44.    Plaintiff uses and were planning to use Facebook's marketing and advertising programs to market and promote Plaintiff's books, businesses, and other material.

45.    As a result Defendant's actions, Plaintiff is reluctant to and has postponed her plans to advertise or boost advertising, and may be forced to cease all advertising and marketing through Facebook websites given that a diminishment or destruction of Plaintiff's reputation, character, livelihood, and life is taking place via these websites as a result of the ongoing and continuing conspiracy against her and the actions of these Defendants and those associated with or employed by them.

46.    Facebook facilitated or neglected to mitigate or stop the data and security breaches and other violations as stated herein.

47.    As a result of Defendant's actions, Plaintiff has been damaged, is being damaged, and will be damaged in an amount in excess of $10,000.00.

48.    Defendant's actions constitute acts of conscious disregard, fraud, gross negligence, and malice or oppression and, therefore, Plaintiff is entitled to exemplary or punitive damages as a result.

49.     It has become necessary for Plaintiff to retain the services of counsel to prosecute these claims and is entitled to any and all costs incurred herein, including, without limitation, any and all attorney's fees and/or or fees, costs, loss, and damages she incurred or would incur as a result of her not having an attorney and/or adequate representation to litigate or prosecute this case to the fullest.

### CAUSE 6

**Title 12 USC § 1976: Injunctive Relief**
**(Preliminary, Preventative, and Permanent Injunctions against Defendants)**

50.     Plaintiff incorporates by reference the allegations set forth in the preceding Paragraphs as though set forth at length herein.  Plaintiff further alleges:

51.     Plaintiff is informed and believes, evidence supports, and on that basis alleges that beginning on an exact date unknown to Plaintiff (and escalating on dates between March 10, 2016 to March 11, 2018) and continuing to date, the Defendants, and those associated with them or under their direction, did whatever was necessary to set up, manufacture, and cause problems and issues where there was previously no problems or issues, in social relationships, on social networks, in and on her electronic gadgets and communications, and business relations, all in an effort to justify their behavior and set up covers and excuses for previous offenses committed against Plaintiff.  Evidence supports that this was also done to obstruct and alter justice by literally altering evidence to fit and establish a falsified version of this case.  Therefore, in lieu of the blatancy and arrogance of their conduct and behavior in the past, Defendants are likely to continue in the future, to cause serious irreparable harm and damage to Plaintiff due to the true motives behind all of the offenses committed against her.

52.     Plaintiff is entitled to a permanent injunction against Defendant's (and/or those

associated with them or under their direction) use of Plaintiff's name and likeness in connection

with and the transmission of false and/or misleading communications, electronic

communications, and various forms of innuendo that appears to be implying through the

arrangement and transmission of various forms of written communications, notifications, videos,

photographs, posts, and other electronic media, that Plaintiff is a violent sexual abuser or

pedophile among other things; and that she has done unspeakable and unconscionable wrongs to

unnamed persons.  All of the aforementioned conduct and behaviors were done to slander, libel,

defame, accuse, abuse, and violate Plaintiff in seen and unseen ways; and create forms of

innuendo to insinuate, imply, and create a type of secretive, accusatory, form of malicious

prosecution that appeared to be accusing plaintiff of sexual misconduct, violence, and other

criminal activity; and to imply or insinuate sexual abuse, because it creates the impression that

the depicted persons are sexual abusers, pedophiles, and seasoned criminals.

53.    As a result of the aforementioned actions, Plaintiff has been damaged and is entitled

to the damages and relief as demanded herein.

## CAUSE 7

**Violation of Title 42 U.S.C. § 1983 et al: Intentional Infliction of Emotional Distress;
in conjunction with 12 USC §§ 1972, 1976: Injunctive Relief; in conjunction with
Accord, Restatement (2nd) Torts § 12A, §§ 902-908; 28 USC § 2671-90: Torts Claims Act**

54.    Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs as though set forth at length herein.  Plaintiff further alleges:

55.    Beginning on an exact date unknown to Plaintiff (escalating on various dates

between  March 10, 2016 and March 11, 2018) and continuing to the present date, Defendants

targeted Plaintiff and engaged in outrageous conduct that was willfully and maliciously directed

at Plaintiff with the intent to cause severe emotional distress, pain, suffering, and irreparable harm.

56.     Plaintiff suffered and is suffering extreme emotional distress, mental anguish, pain and suffering as a result of Defendant's intentional actions.

57.     Defendant's actions were the proximate cause of Plaintiff's extreme emotional distress.

58.     As a result of Defendant's actions, Plaintiff has been, is being, and will be damaged in an amount in excess of $10,000.00.

59.     Defendant's actions constitute acts of conscious disregard, fraud, gross negligence, malice or oppression and; therefore, Plaintiff is entitled to exemplary or punitive damages as a result.

60.     It has become necessary for the Plaintiff to retain the services of counsel to prosecute these claims and is entitled to any and all costs incurred herein, including, and without limitation, any and all attorneys' fees.

61.     Plaintiff contends that on all of the occasions above, (and those recorded in other evidence to be presented at time of trial) by targeting and stalking Plaintiff online and using various forms of innuendo to insinuate, imply, and create a type of secretive, accusatory, form of malicious prosecution that appeared to be accusing plaintiff of sexual misconduct, violence, and other criminal activity, etc., the Defendants acted intentionally, recklessly, and with deliberate indifference to a substantial probability that severe emotional distress, pain, suffering, and possible damage might or would result to Plaintiff from their mentally, emotionally, physically, spiritually, and psychologically abusive conduct and behavior.  By so doing, Defendants are in

violation of all of the aforementioned individual, civil, human, and constitutional rights, laws, and statutes and Plaintiff is entitled to relief as specified below.

62.    Facebook facilitated, joined an ongoing and conspiracy against plaintiff, published or neglected to mitigate or stop the violations as stated herein.

63.    As result of Defendant's actions, Plaintiff has been damaged in a mount in excess of $10,000.00.

64.    Defendant's actions constitute acts of conscious disregard, fraud, gross negligence, malice or oppression and; therefore, Plaintiff is entitled to damages as a result.

65.    It has become necessary for Plaintiff to retain the services of counsel to prosecute these claims and is entitled to any and all costs incurred, including, without limitation, to any and all attorney's fees and/or fees, costs, losses, and damages she incurred or would incur as a result of her not having an attorney and/or adequate representation to litigate or prosecute this case to the fullest.

## CAUSE 8

## DAMAGES

**Violation of Accord, Restatement (Second) Torts § 12A and §§ 902-908; in conjunction with 12 USC §§ 1972, 1976: Injunctive Relief; in conjunction with 28 USC § 2671-90: Torts Claims Act**

66.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as though set forth at length herein. Plaintiff further alleges:

67.    The conduct of the above-named Defendants as set forth in all of the above **CAUSES 1-8**, and in all other allegations in this Complaint, is in violation of Plaintiff's civil, human, and constitutional rights under 42 USC § 1983 et al, caused injuries, harm, and damages to Plaintiff, including, but not limited to past and future non-economic losses, including extreme

emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life; and other consequential losses. Defendants actions further subjected Plaintiff to: (1) prolonged, continuous, and undo stress and strain; (2) extreme mental and emotional anguish coupled with extreme physical pain and distress; (3) confusion, frustration, depression, and discouragement; (4) embarrassment, lowered self-esteem, anxiety, chronic and recurring headaches; (5) a loss and deprivation of income, security, zest and enthusiasm for life, liberty and property; (6) her trust and respect for people, employers, and authority figures diminished; (7) and her self-esteem, personality, and mental faculties may be permanently impacted or injured due to the actions, behavior, conduct, and negligence of the Defendants. The Defendants psychologically abused Plaintiff emotionally, mentally, physically, and spiritually when they literally tried to destroy her mind, body, soul, spirit, and being.

68.     The Defendants owed a "special duty" to Plaintiff and they failed to observe or breached that duty; and if the Defendants had not committed the deeds, acts, and tortuous wrongs against Plaintiff in the manner described herein, she would not have been so injured. Therefore, Plaintiff demands relief and damages as specified in the amounts below.

## ARGUMENT AND BRIEF IN SUPPORT OF ALLEGATIONS

69.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as though set forth at length herein.  Plaintiff further alleges:

70.     The evidence discussed above (and in all evidence that will be submitted  in support of this claim) demonstrates that it is no exaggeration to say that the actions and patterns of conduct and behavior of all of the Defendants in this case are similar, related or inter-related and Defendants operated in unprecedented and flagrant violation of the law.  It shows and supports that, in fact, Defendants engaged in patterns of conduct and behavior towards Plaintiff

that was tortious, retaliatory, discriminatory, grossly negligent, mental, emotional, and

psychologically abusive, torturous, and coercive in nature.  That retaliatory and psychologically

coercive abuse took the form of knowingly and/or negligently committing and maintaining a

hostile, retaliatory, mirage of offenses against Plaintiff that included a form of malicious

prosecution, targeting behaviors, data and security breaches, and data mining/misuse, etc.

71.     There is evidence of the illegal conduct of the Defendants to support Plaintiff's

claim that have not yet been submitted.  Although  law enforcement personnel have not yet been

deposed and are not a part of this suit, their active participation in the pattern of illegal conduct

by and through these Defendants and those employed by them or under their direction, is already

irrevocably apparent through documented evidence, which will be presented at time of trial.

Upon this existing factual record there can be no finding in favor of any Defendants involved in

this ongoing, continuing conspiracy of evil, which resulted in or will result in a systematic,

psychologically abusive, coercive lynching of Plaintiff and permanent destruction of her life and

livelihood if it is allowed to continue unchecked.

72.     The same is true with respect to all of the legal issues.  It is worth saying again;

neither 42 U.S.C. 1983 et al, tort claims law, nor federal case law explicitly or implicitly exempt

law enforcement or any other employer, employee, or agency associated with them from

answering for patterns or practices of psychologically abusive, coercive, and racially

discriminatory practices involving such behavior and neglect as described above.  The

Defendants and others associated with, employed by them or under their direction, engaged in,

and are jointly responsible for a pattern and practice of egregious, coercive, torturous behavior

and neglect; and Title 42 U.S.C. 1983 et al, as a matter of law, contemplates the imposition of

liability for precisely such tortious, civil and constitutional abuses.  The Federal Civil Rights Act

of 1871 under Title 42 USC § 1983 et al, permits an action against anyone acting under the color of law to deprive an individual of constitutional or other federally protected rights. Therefore, these Defendants and anyone associated with or employed by them acting under their direction, are not entitled to a "pass" and should be held singularly and collectively accountable.

73.     As a citizen of these United States, living within a society under a democratic government, none of the above should have happened to Plaintiff, because she has not and is not doing anything wrong and she is not a criminal nor has she ever committed any crimes or violence against anyone.  In all of the above actions, regardless of the people involved, whether law enforcement personnel, judges, media personnel, private citizens, or anyone employed by or acting under the direction of the Defendants; crimes were and are being committed against Plaintiff that willfully, malicious, and viciously violated and violates her civil rights and the Defendants should not be allowed to get away with any of it regardless of who they are.

74.     As a result of all of the allegations above and because of the continuous nature of the aforementioned offenses, state governmental immunities and claims presentation requirements do not apply to violations of a civilian's civil rights under Federal Civil Rights Laws; [See Williams v. Horvath (1976) 16 CA 3d 834]; and in so doing, any governmental immunities afforded any of the Defendants were made null and void as they apply to this case.

75.  Therefore, in lieu of and pursuant to all of the above, Plaintiff has been damaged in an amount exceeding $10,000.00, and Defendants and those employed by them or under their direction should be held accountable as stated herein.

## RELIEF SOUGHT BY THIS LAWSUIT

**WHEREFORE** Plaintiff requests that in the interest of obtaining substantial justice, plaintiff prays that this court issue equitable relief against the defendants, inclusively, as follows:

A.  Issue a Pre-trial Declaratory Judgment appointing plaintiff an attorney to help her present her case before this court in an effort to bring about substantial JUSTICE in this or any case presented; which is the number one issue that any court should be concerned with.

B.  Issue declaratory judgments pursuant to 28 U.S.C. §§ 2201, 2202; 48 Stat.955 (1934) as the Court deems appropriate.

C.  Uphold plaintiff's constitutional protected rights in any judgment issued in this case.

D.  Enter Injunctive Relief, Reparations, and/or Preliminary, Preventative, and Permanent Injunctions against defendants pursuant to Title 12 USC §§ 1972, 1976; FCRP RULE 57and TITLE 28 FRCP § RULE 65, ordering the defendants to restore her to a position that she would have obtained in the absence of the actions that violated her individual, human, civil, and constitutional rights.

E.  Grant an award to plaintiff for general and special damages in the amount of $2.5 million dollars for past and future economic and non-economic losses, including extreme emotional distress and mental anguish; mental, emotional, and psychological torture and abuses; impairment of the quality of life; and consequential loses due to an ongoing and continuous conspiracy against her to destroy her personally and economically.

F.  An award to plaintiff for exemplary and punitive damages of $2.7 million dollars. inclusive.

G.  An award to plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees as provided under state law; and for fees, costs, loss, and damages she incurred or would incur as a result of her not having an attorney and/or adequate representation to litigate or prosecute this case to the fullest.

H.  An award to plaintiff of interest on any awards at the highest rate allowed by law; and for

I.  Such other and further relief as this Court deems just and proper in the premise.

Respectfully submitted:

Date: 04-15-18

BY: _____
Lena Thomas, Plaintiff
174 N. Calaveras Street
Fresno, CA  93701-1855
Cell Phone: (559) 214-3005
Home Phone: (559) 800-7028

Printed Name: Lena Thomas

29

## CERTIFICATE/NOTICE OF SERVICE

I hereby certify that on _24 / 17/2018_, a true and correct copy of the document(s) below was/will be sent to each attorney or parties of interest as follows:

[X] Civil Claim Case Name: _Thomas v Facebook, Inc., etal_ Case # _MCV077662_ # of Pages _30_
(with attachments):
a) _Notice and Acknowledgment off. Receipt-civil_ _____ c) _____

[X] Civil Case Cover Sheet        (2 pgs.)
[X] Notice of Related Case        (3+ pgs.)
[~~X~~] Request to Waive Court Fees        (2 pgs.)
[~~X~~] Order on Court Fee Waiver        (2 pgs.)
[X] Summons        (1 pg.)
[~~X~~] Proof of Service        (1 pg.)

If this/these documents are filed electronically, a copy of it/them will be sent to each party or attorney of record through the electronic file manager if possible.  If not possible, a copy will be served on each party or attorney of record by one or more of the following methods: (i.e., by process server, by certified mail (return receipt requested), by commercial delivery service, by fax, or by email.

**Defendant(s):** _Facebook, Inc., Atty in Charge_
Facebook Legal Department
156 University Avenue
Palo Alto, CA  94301
Email: legal@facebook.com
Headquarters Phone: 1-650-308-7300

Subpoenas and court orders can be mailed or faxed to:
Facebook, Inc.
Attn: Security Department
1601 S. California Avenue
Palo Alto, CA  94304
Fax To #: (650) 644-3229

**Court:**

The Superior Court, County of Madera, Civil Division
200 South "G" Street
Madera, CA 93637
Phone:  Main Courthouse: (559) 416-5525
**Note:**  Normal hours are 8:00 AM to 4:00 PM. The busiest hours are from 8-10:00 AM and from 2-3:00 PM. Visitors are encouraged to report to the Civil Department window no later than 3:00 PM for processing and copies of case files.

Respectfully submitted:

Date: _04-15-18_ _____

BY: _____
Lena Thomas, Plaintiff
174 N. Calaveras Street
Fresno, CA  93701-1855
Cell Phone: (559) 214-3005
Home Phone: (559) 800-7028

30

# EXHIBIT B

**POS-015**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Lena Thomas, in Pro Per
174 N. Calaveras Street
Fresno, CA 93701-1855

TELEPHONE NO.: (559) 800-7628   FAX NO. (Optional):
E-MAIL ADDRESS (Optional): thaunnis.lla@gmail.com
ATTORNEY FOR (Name):

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA
STREET ADDRESS: 200 South "G" Street
MAILING ADDRESS:
CITY AND ZIP CODE: Madera, CA 93637
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Lena Thomas, an individual

DEFENDANT/RESPONDENT: Facebook, Inc., a foreign corporation

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER:
MCV 077662

TO (insert name of party being served): Facebook, Inc., attorney in Charge

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 05-02-18

Rick Durazo
(TYPE OR PRINT NAME)

Rick Durazo
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒  A copy of the summons and of the complaint.
2. ☐  Other (specify):

(To be completed by recipient): 5/22/18

Date this form is signed:

Matan Shacham on behalf of Facebook, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
Attorney, Keker, Van Nest & Peters LLP

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

KEKER
VAN NEST
& PETERS

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

Lena Thomas
174 N. Calaveras Street
Fresno, CA  93701-1855