


Lena M. Thomas,
Plaintiff, In Pro Per
174 N. Calaveras Street
Fresno, CA 93701-1855
(559) 800-7028

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LENA M. THOMAS, an individual<br><br>Plaintiff<br><br>vs.<br><br>FACEBOOK, INC., a foreign corporation, And DOES 1-100, unnamed individuals, and DOES 1-20, unnamed corporations,<br><br>Defendants. | Case No. 1:18-cv-00856-LJO-BAM<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DEMURRER TO DEFENDANT FACEBOOK'S NOTICE OF MOTION AND MOTION TO TRANSFER, OR, IN THE ALTERNATIVE, TO DISMISS**<br><br>Date: July 30, 2018<br>Time: 8:30 A.M<br>Place: Courtroom 4, 7th Floor<br>Judge: Hon. Lawrence J. O'Neill<br><br>[Removed from Madera County Superior Court, Case No. MCV077662]<br>Date Filed: April 19, 2018 |

**TABLE OF CONTENTS/CONTENTS IN REBUTTAL TO DEFENDANT'S DEFENSES**

I. INTRODUCTION ........................................3-4

II. BACKGROUND AND ARGUMENT TO SUPPORT PLAINTIFF'S CLAIM...........3-9

III. THE COURT SHOULD REMAND THIS CASE BACK TO THE MADERA SUPERIOR COURT , OR, IN THE ALTERNATIVE, STAY THIS CASE IN THE U.S. DISTRICT COURT OF THE EASTERN DISTRICT OF CALIFORNIA……………..3-9

A. Plaintiff has no knowledge of agreeing to litigate the present lawsuit in the Northern District of California....................................................................3-9

B. Plaintiff rebuts the presumption that the Defendant's forum-selection clause should be enforced ....................................................................3-9

1. Defendants have not established that the forum-selection clause in the SRR is valid....................................................................3-9

2. Plaintiff shows extraordinary circumstances requiring deviation from Defendant's forum-selection clause ....................................................................3-9

IV. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS DEFENDANT'S MOTION(S) FOR FAILURE TO STATE FACTS SUFFICIENT TO CONSTITUTE A DEFENSE....................................................................3-9

A. Plaintiff's claims can be classified as tort violations in a civil action claim in which Facebook created a forum in which illegal activity can be and has been perpetrated against Plaintiff, claims that are very applicable to Facebook and more than just, reasonable and valid....................................................................3-9

1. Plaintiff is bringing tort violations and civil action claims against Facebook, not criminal actions as Defendant claims....................................................................3-9

2. Defendant's assertion that Plaintiff is bringing a *Bivens*, §1983, or FTCA claim against Facebook is invalid and not true....................................................................9

3. All tort and civil action claims that Plaintiff asserts against Facebook are claims that are reasonable, just, valid, and very applicable for all the reasons stated in Plaintiff's Complaint and those yet to be stated....................................................................3-9

B. Defendant's remaining claims fail on the grounds that it fails to state facts sufficient to constitute a defense. CCP § 430.20(a).................................. 8-9

1. Defendants fail to present any facts to disprove Plaintiff's claim for intentional infliction of emotional distress....................................................................8-9

2. Defendants fail to allege facts sufficient to disprove Plaintiff's tort violations civil action claims....................................................................8-9

3. Plaintiff's claims are not based on third-party posts as Defendant inaccurately claims....................................................................8-9

V. CONCLUSION ....................................................................9-10

## I. INTRODUCTION

Right away Defendant is attempting to mislead this court about what this case is all about. Defendant's claims and arguments are baseless and fail on the grounds that it fails to state facts sufficient to constitute a defense. CCP § 430.20(a). Plaintiff's claim can be classified as tort claim violations in a civil action claim in which Facebook created a forum and an environment in which illegal activity can be and has been perpetrated against Plaintiff; claims that are very applicable to Facebook and more than cognizable, just, reasonable and valid in the premise. It is about Defendant Facebook's involvement in computer data breaches; data mining; invasions of privacy, Facebook's inability to secure its online network from major security breaches; computer hacking; electronic harassment; cyber-bullying; and aiding and abetting that resulted in an ongoing and continuing conspiracy to violate plaintiff's rights. Under the circumstances, USC § 1331 gives Plaintiff the right to bring a civil action suit against defendants in any district court to answer any questions presented in this claim regardless of the nature of the questions presented. California superior courts are state district courts holding general jurisdiction (i.e. courts of dual, concurrent, or overlapping jurisdiction) and the right to decide any civil or criminal matter posed under USC § 1331. Under these circumstances, Defendant's do not have the right to choose the forum in which the case can be filed or heard; because that right belongs to the litigant and/or the Plaintiff. Furthermore, the Communications Decency Act (CDA) does not give the defendant(s) the right to violate or conspire to violate Plaintiff or her rights under CPC § 653.2 under any circumstances.

The merits of Plaintiff's claim is stated in the Complaint; however, since the Defendants attempted to mislead this court about what this claim is all about with their first introductory statement, this court has to actually read the claim. Furthermore, considering that USC § 1331

gives Plaintiff the right to bring a civil action suit against defendants in any district court, and California superior courts are state district courts holding general jurisdiction (i.e. courts of dual, concurrent, or overlapping jurisdiction); which, under the circumstances, Defendant's do not have the right to choose the forum in which the case can be filed or heard, because that right belongs to the litigant and/or the Plaintiff. Therefore, the defendant's argument is baseless and this court should remand this case back to Madera Superior Court (the original court which it was filed) instead of removing it to the United States District Court of Eastern District of California which Defendants are attempting to do in their Notice of Removal filed on June 22, 2018 (which have not been heard and Plaintiff has filed or is filing a Motion to Remand ); or, transferring it to the Northern District of California which Defendants are attempting to do in the Notice of Motion to Transfer, or, in the Alternative , to Dismiss, filed on June 29, 2018 with this court; which Plaintiff is also filing a Motion to Demurrer to Defendant Facebook's Motion to Transfer, or , in the Alternative, to Dismiss.

## II. BACKGROUND AND ARGUMENT TO SUPPORT PLAINTIFF'S CLAIM

1. Plaintiff stipulates that she is a resident of Fresno, California and the case was filed in Madera County Superior Court on April 19, 2018. Furthermore, as stated previously, the case is based on tort claim violations brought in a civil action claim in which Facebook created a forum and an environment in which illegal activity can be and has been perpetrated against Plaintiff; claims that are very applicable to Facebook and more than cognizable, just, reasonable and valid in the premise. It is about Defendant Facebook's involvement in computer data breaches; data mining; invasions of privacy, Facebook's inability to secure its online network from major security breaches; computer hacking; electronic harassment; cyber-bullying; and aiding and abetting that resulted in an ongoing and continuing conspiracy to violate plaintiff's

rights. Under the circumstances, USC § 1331 gives Plaintiff the right to bring a civil action suit against defendants in any district court to answer any questions presented in this claim regardless of the nature of the questions presented. California superior courts are state district courts holding general jurisdiction (i.e. courts of dual, concurrent, or overlapping jurisdiction) and the right to decide any civil or criminal matter posed under USC § 1331.

2. However, Defendant Facebook did not timely removed the case to this Court on June 21, 2018 as stated due to the following facts:

1. **The Defendant's Notice of Removal was untimely filed:** Defendants Atty. Malhotra and Atty. Schacham's stipulated receipt of Plaintiff's Summons and Complaint on May 11, 2018 in their Notice of Removal; therefore, Defendant's Notice of Removal is procedurally defective and untimely filed under the 30-day deadline to remove under § 1446(b)(2)(b), and lacks good faith because one can clearly see that it's an attempt to delay and derail state court proceedings in this case to gain more time to file an answer or written response in this case which should have been filed and served on Plaintiff on or about June 9, 2018 instead of June 22, 2018. Plaintiff's Summons, Complaint, and Notice and Acknowledgement of Receipt were mailed on May 2, 2018 which the Defendant stipulated receipt of said documents on May 9, 2018; therefore, 20 days from mailing of these documents would expire on May 22, 2018 and 30 days from your receipt of these documents would have fallen on June 8, 2018—not on June 22, 2018—because the 20-30 days mentioned in the Summons and the Notice of Acknowledgement of Receipt runs concurrently, not separately. Plaintiff did not receive Defendant's Notice of Removal until June 21, 2018, a full forty-three days (43 days) after they received my Complaint; therefore, it has to be judged untimely filed because it was supposed to be filed within 30 days. The Defendant's time for filing a written response or answer to Plaintiff's Complaint expired

during the aforementioned 43 plus days delay in their refusal to respond to Plaintiff's Complaint; therefore, NO extension of time should be granted the Defendant's under the circumstances.

2. **This case can be classified as a case with concurrent jurisdiction:** Most cases having dual or concurrent jurisdiction and can be filed and heard in state courts as opposed to federal courts that only have exclusive jurisdiction in law suits with federal questions involving copyright infringement, patent infringement, or federal tax claims. Under these circumstances, when multiple courts have concurrent jurisdiction over a claim, the litigant or plaintiff can choose the court in which the case will be adjudicated due to strong presumption against removal per Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Complete preemption and removal of a case from one court to another arises only under extraordinary situations per Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 862 (9th Cir. 2003) (citing Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183-84 (9th Cir. 2002). Therefore, complete preemption and removal of this case from superior court to federal court is not proper and does not apply.

3. **Denial of Plaintiff's Request for Entry of Default was Improper:** The Clerk erred when it was ruled that the Request for Entry of Default Judgment was "*premature*" and granted the Request for Dismissal of the DOES, etc. Plaintiff disagrees with the Clerk's ruling because the decision was improper and a mistake because the timeline for filing a response or answer to Plaintiff's Complaint had passed. Plaintiff's Summons, Complaint, and Notice and Acknowledgement of Receipt were mailed on May 2, 2018 which the Defendant stipulated receipt of said documents on May 9, 2018; therefore, 20 days from mailing of these documents would expire on May 22, 2018 and 30 days from your receipt of these documents would have fallen on June 8, 2018—not on June 22, 2018—because the 20-30 days mentioned in the Summons and the Notice of Acknowledgement of Receipt runs concurrently, not separately.

Sometime in between those dates Defendants were supposed to have "filed a written response" to the Complaint with the Court and Plaintiff was supposed to have received a copy of that response before the June 9, 2018 deadline, give or take a day or two. Plaintiff received nothing from the Defendant's indicating that they had filed any type of "written response" to my Complaint nor did they notify Plaintiff of the content of any planned Demurrer to the Complaint during this time period; and Plaintiff did not receive Defendant's Notice of Filing Notice of Removal of this case to Federal Court (and other related attachments) until June 22, 2018, a full forty-four days (44 days) after they received my Complaint, because the 20-30 day time period mentioned in the Summons and Notice of Acknowledgement of Receipt runs simultaneously. Atty. Malhotra and Atty. Schacham Defendant's Notice of Filing Notice of Removal of this case to Federal Court (and other related attachments) and their Declaration hereto is not an "answer" or written response to Plaintiff's Complaint by any means and the court should not view it as such; therefore, Defendant's actions are out of order, insufficient, and improper. Defendants, in fact, held the Notice and Acknowledgement of Receipt for more than 11 days before they signed it and then mailed the Notice and Acknowledgement of Receipt back to Plaintiff instead of mailing a proper "written response" to the Complaint. Plaintiff contends that the Summons and Notice and Acknowledgement of Receipt does not state or imply that Defendants could hold this document for 12 days (refusing to sign it immediately) and then send it back to Plaintiff to meet the 20-30 days' timeline indicated in these two documents, because that would cause them to miss the timeline for a "written response" due to their delaying tactics and Defendant's "holding" of this document. Somehow, something has been done here to cause people to value and concentrate more on the date the Defendant signs the Notice of Acknowledgement of Receipt of Summons and Complaint instead of actually sending Plaintiff a "written response" to the

Complaint, and that is just not right, not just, and a little twisted. What if the Defendant chose to hold the Notice of Acknowledgement of Receipt for six (6) months (or longer) then sign it and send it back to Plaintiff? Therefore, the date that this document is actually signed and returned to Plaintiff cannot be the deciding factor in this process. Under these circumstances, Plaintiff's Motion for Remand should be granted.

4. **Defendants failed to Meet and Confer or notify Plaintiff of their intentions to file Notice of Removal:** Atty. Malhotra and Atty. Schacham has never contacted Plaintiff for a Meet and Confer under CCP § 430.41(a)(2) after they received the Summons, Complaint, and Notice and Acknowledgement of Receipt nor did the Defendants notify Plaintiff of their intentions to file a Notice of Removal of this to federal court. This delay indicates that Defendants were not planning to act in "good faith" because if they were, they would have contacted Plaintiff and not attempted to set up bogus reasons to gain extra time. Therefore, no extra time should be granted Defendants and the 30-day extension of time to file a responsive pleading requested under CCP § 430.41(a)(2) should NOT be granted, because I am sure that this court can clearly see that this was a deceptive ploy by the Defendants to gain extra time. Under these circumstances, the Plaintiff's Motion to Remand should be granted.

3. In lieu of the above, all of the Defendant's remaining claims and arguments fails on the grounds that it fails to state facts sufficient to constitute a defense. CCP § 430.20(a). In addition, Defendant's argument fails for the following reasons:

5. Defendant's argument fails because any statement made about or concerning any other defendants has no merit or weight as it relates to this case presently, because Defendant Facebook is the ONLY named defendant in this case at the present time.

6. Defendant fail to present any facts to disprove Plaintiff's claim of intentional infliction of emotional distress; because it is highly conceivable that Plaintiff could or would suffer extreme emotional distress and mental anguish when

subjected to extreme mental, emotional and psychological torture and abuses that Defendant Facebook can and should be held accountable for due to Facebook's inability to secure its online network from major security breaches; computer hacking; electronic harassment; cyber-bullying; and aiding and abetting that resulted in an ongoing and continuing conspiracy to violate plaintiff and her rights.

7. Defendant fails to allege facts sufficient to disprove any elements of Plaintiff's tort violations civil action claims against them.

8. Plaintiff's claims are based on evidence collected over a long period of time from Plaintiff's observations; patterns of behavior; direct/indirect written and verbal communications; interactions; things that actually happened; and dealings with Facebook employees and from other sources; and Facebook's inability to secure its online network to prevent these violations from happening. Therefore, are defendants going to claim that they are mind-readers and experts in the field of psychology and always know what Is going on behind the scenes?

9. Plaintiff's claim is not brought under any "RICO civil rights…" as stated by the Defendants. Plaintiff claims are tort based violations brought in a civil action claim against the Defendants. RICO violations are only mentioned in Plaintiff's Complaint as a basis that gives individuals the right to seek redress in any district or state court due to continuous and interrelated violations of Plaintiff and her rights. State governmental immunities and claim presentation requirements do not apply under these extraordinary circumstances.

10. Considering the circumstances and evidence involved in this case, Defendants are not afforded any "immunity from suit" under Section 230(c)(1) of the CDA, because Facebook and its employees are directly and indirectly involved in the violations against plaintiff due to Facebook's inability to secure its online network from major security breaches; computer hacking; electronic harassment; cyber-bullying; and aiding and abetting that resulted in an ongoing and continuing conspiracy to violate plaintiff and her rights.

**CONCLUSION**

Under the aforementioned circumstances, Defendant's argument in support of removal or transfer is unpersuasive because none of the Procedural Requirements for Removal has been satisfied. Furthermore, It is the totality of the circumstances and evidence presented that proves any case. Therefore, if the evidence is not allowed to be presented, and this bogus

removal or dismissal is allowed, substantial justice cannot and will not be served under the circumstances. Therefore, for all of the aforementioned reasons, Defendant's defenses and arguments fail on the grounds that it fails to state facts sufficient to constitute a defense. Therefore, Defendant's Notice of Removal should be dismissed and this matter should be remanded back to Madera Superior Court; or, if this court finds that Defendants claims does have merit to support removal or transfer, this case should be retained or stayed in this court due to Plaintiff's disability, limited resources, and poverty that prevents her from traveling to the United States Court in the Northern District of California that the Defendant have chosen.

**WHEREFORE,** Plaintiff prays for an Order that Plaintiff's Demurrers to Defendant's Notice of Motion to Transfer, or, in the Alternative, to Dismiss be sustained or granted without leave to amend on the grounds that (1) each of Defendant's Defenses fail to state facts sufficient to constitute a defense; (2) that this case be remanded by to Madera Superior Court, or, in the Alternative, retained in this court and NOT dismissed with prejudice, pursuant to the reasons as stated above, those yet to be stated, and those in Plaintiff's Complaint; (3) and for such other relief as is just and proper in the premise.

Respectfully submitted:

Date: 07-01-18

BY: ____________________

Lena Thomas, Plaintiff
174 N. Calaveras Street
Fresno, CA 93701-1855
Home Phone: (559) 800-7028

**CERTIFICATE/NOTICE OF SERVICE**

I, ______________________________, not a party to the within-entitled action, hereby certify that on

___/___/2018, a true and correct copy of the following document(s), along with any attachments, were placed in a sealed envelope, with prepaid postage, and mailed to each party of interest or attorney of record (below) by placing a copy of it in the United States Post Office/Mail on the same day this document was filed with the Court or shortly thereafter, as follows:

[ ] Case Name: Thomas vs. Facebook, Inc. : Case No: Case No. 1:18-cv-00856-LJO-BAM

1) **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND;**
2) **PROPOSED ORDER**
3) **PLAINTIFF'S REQUEST TO HEAR MOTION TO REMAND EARLIER...**
4) **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DEMURRER**
5) **PROPOSED ORDER**
6) (**With attachments**):

(a)______________________________ (b)______________________________

**Defendant's Attorney(s):**

Kelker, Van Nest & Peters, LLP
633 Battery Street
San Francisco, CA 94111-1909

**Defendant(s)**

Facebook Legal Department
156 University Avenue
Palo Alto, CA 94301
Email: legal@facebook.com
Headquarters Phone: 1-650-308-7300
Attn: Security Department (Subpoenas)
1601 S. California Avenue
Palo Alto, CA 94304
Fax To #: (650) 644-3229

**Court:**

United States District Court, Eastern District of California
2500 Tulare Street, Rm. 1501, 1st Floor
Fresno, California 93727
Phone: (559) 499-5600

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on ______________________ 2018, at ______________________

Fresno, California 93701. BY: ______________________________________________

Signature Print Name

Lena M. Thomas,
Plaintiff, In Pro Per
174 N. Calaveras Street
Fresno, CA 93701-1855
(559) 800-7028

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LENA M. THOMAS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC., a foreign corporation, And DOES 1-100, unnamed individuals, and DOES 1-20, unnamed corporations,<br><br>Defendants. | Case No. 1:18-cv-00856-LJO-BAM<br><br>**PROPOSED ORDER**<br><br>Date: July 30, 2018<br>Time: 8:30 A.M.<br>Place: Courtroom 4, 7th Floor<br>Judge: Hon. Lawrence J. O'Neill<br><br>[Removed from Madera County Superior Court, Case No. MCV077662]<br><br>Date Filed: April 19, 2018 |

Whereas this matter has come before this Court pursuant to Plaintiff's Motion to Demurrer, having considered the motion and any opposition thereto, it is hereby:

☐ ORDERED that Plaintiff's Motion to Demurrer to Defendant's Motion to Transfer, or, in the Alternative, to Dismiss, is GRANTED.

☐ ORDERED that Plaintiff's Motion to Remand is GRANTED.

☐ ORDERED that, in the Alternative, that Plaintiff's Motion to Stay this case in the United States District Court in the Eastern District of California is GRANTED

Dated: ____________

X
_______________________________
Honorable Lawrence J. O'Neill