Lena M. Thomas,
Plaintiff, In Pro Per
174 N. Calaveras Street
Fresno, CA 93701-1855
(559) 800-7028



FILED
JUL 0 3 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LENA M. THOMAS, an individual | ) | Case No. 1:18-cv-00856-LJO-BAM |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S NOTICE OF MOTION** |
| | ) | **AND MOTION TO REMAND** |
| vs. | ) | |
| | ) | |
| | ) | |
| FACEBOOK, INC., a foreign corporation, | ) | Date: August 10, 2018 |
| And DOES 1-100, unnamed individuals, and | ) | Time: 9:00 A.M. |
| DOES 1-20, unnamed corporations, | ) | Place: Courtroom #8, (6th Floor) |
| | ) | Judge: Barbara A. McAuliffe |
| Defendants. | ) | |
| | ) | |
| | ) | [Removed from Madera County Superior |
| | ) | Court, Case No. MCV077662] |
| | ) | Date Filed: April 19, 2018 |
| | ) | |

COMES NOW, Plaintiff, Lena M. Thomas, contends that Defendant's Notice of Removal is improper and untimely filed; therefore, Plaintiff files a MOTION TO REMAND pursuant to 28 U.S.C. § 1447(c) on the above entitled Case No. 1:18-cv-00856-LJO-BAM for the following grounds and reasons:

1. **The Defendant's Notice of Removal was untimely filed:** Defendants Atty. Malhotra and Atty. Schacham's stipulated receipt of Plaintiff's Summons and Complaint on May 11, 2018; therefore, Defendant's Notice of Removal is procedurally defective and untimely filed under the 30-day deadline to remove under § 1446(b)(2)(b), and lacks good faith because one can clearly see that it's an attempt to delay and derail state court proceedings in this case to gain

1

more time to file an answer or written response in this case which should have been filed and served on Plaintiff on or about June 9, 2018 instead of June 22, 2018. Plaintiff's Summons, Complaint, and Notice and Acknowledgement of Receipt were mailed on May 2, 2018 which the Defendant's stipulated receipt of said documents on May 9, 2018; therefore, 20 days from mailing of these documents would expire on May 22, 2018 and 30 days from your receipt of these documents would have fallen on June 8, 2018—not on June 22, 2018—because the 20-30 days mentioned in the Summons and the Notice of Acknowledgement of Receipt runs concurrently, not separately. Plaintiff did not receive Defendant's Notice of Removal until June 21, 2018, a full forty-three days (43 days) after they received my Complaint; therefore, it has to be judged untimely filed because it was supposed to be filed within 30 days. The Defendant's time for filing a written response or answer to Plaintiff's Complaint expired during the aforementioned 43 plus days delay in their refusal to respond to Plaintiff's Complaint; therefore, NO extension of time should be granted the Defendant's under the circumstances.

2. **This case can be classified as a case with concurrent jurisdiction:** Most cases having dual or concurrent jurisdiction and can be filed and heard in state courts as opposed to federal courts that only have exclusive jurisdiction in law suits with federal questions involving copyright infringement, patent infringement, or federal tax claims. Under these circumstances,. when multiple courts have concurrent jurisdiction over a claim, the litigant or plaintiff can choose the court in which the case will be adjudicated due to strong presumption against removal per Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Complete preemption and removal of a case from one court to another arises only under extraordinary situations per Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 862 (9th Cir. 2003) (citing Wayne v. DHL Worldwide

Express, 294 F.3d 1179, 1183-84 (9th Cir. 2002). Therefore, complete preemption and removal of this case from superior court to federal court is not proper and does not apply.

3. **Denial of Plaintiff's Request for Entry of Default was Improper:** The Clerk erred when it was ruled that the Request for Entry of Default Judgment was "*premature*" and granted the Request for Dismissal of the DOES, etc. Plaintiff disagrees with the Clerk's ruling because the decision was improper and a mistake because the timeline for filing a response or answer to Plaintiff's Complaint had passed. Plaintiff's Summons, Complaint, and Notice and Acknowledgement of Receipt were mailed on May 2, 2018 which the Defendant's stipulated receipt of said documents on May 9, 2018; therefore, 20 days from mailing of these documents would expire on May 22, 2018 and 30 days from your receipt of these documents would have fallen on June 8, 2018—not on June 22, 2018—because the 20-30 days mentioned in the Summons and the Notice of Acknowledgement of Receipt runs concurrently, not separately. Sometime in between those dates Defendants were supposed to have "filed a written response" to the Complaint with the Court and Plaintiff was supposed to have received a copy of that response before the June 9, 2018 deadline, give or take a day or two. Plaintiff received nothing from the Defendant's indicating that they had filed any type of "written response" to my Complaint nor did they notify Plaintiff of the content of any planned Demurrer to the Complaint during this time period; and Plaintiff did not receive Defendant's Notice of Filing Notice of Removal of this case to Federal Court (and other related attachments) until June 22, 2018, a full forty-four days (44 days) after they received my Complaint, because the 20-30 day time period mentioned in the Summons and Notice of Acknowledgement of Receipt runs simultaneously. Atty. Malhotra and Atty. Schacham Defendant's Notice of Filing Notice of Removal of this case to Federal Court (and other related attachments) and their Declaration hereto is not an "answer" or written

response to Plaintiff's Complaint by any means and the court should not view it as such; therefore, Defendant's actions are out of order, insufficient, and improper. Defendants, in fact, held the Notice and Acknowledgement of Receipt for more than 11 days before they signed it and then mailed the Notice and Acknowledgement of Receipt back to Plaintiff instead of mailing a proper " written response" to the Complaint. Plaintiff contends that the Summons and Notice and Acknowledgement of Receipt does not state or imply that Defendants could hold this document for 12 days (refusing to sign it immediately) and then send it back to Plaintiff to meet the 20-30 days' timeline indicated in these two documents, because that would cause them to miss the timeline for a "written response" due to their delaying tactics and Defendant's "holding" of this document. Somehow, something has been done here to cause people to value and concentrate more on the date the Defendant signs the Notice of Acknowledgement of Receipt of Summons and Complaint instead of actually sending Plaintiff a "written response" to the Complaint, and that is just not right, not just, and a little twisted. What if the Defendant chose to hold the Notice of Acknowledgement of Receipt for six (6) months (or longer) then sign it and send it back to Plaintiff? Therefore, the date that this document is actually signed and returned to Plaintiff cannot be the deciding factor in this process. Under these circumstances, Plaintiff's Motion for Remand should be granted.

    4. **Defendants failed to Meet and Confer or notify Plaintiff of their intentions to file Notice of Removal:** Atty. Malhotra and Atty. Schacham has never contacted Plaintiff for a Meet and Confer under CCP § 430.41(a)(2) after they received the Summons, Complaint, and Notice and Acknowledgement of Receipt nor did the Defendants notify Plaintiff of their intentions to file a Notice of Removal of this to federal court. This delay indicates that Defendants were not planning to act in "good faith" because if they were, they would have

contacted Plaintiff and not attempted to set up bogus reasons to gain extra time. Therefore, no extra time should be granted Defendants and the 30-day extension of time to file a responsive pleading requested under CCP § 430.41(a)(2) should NOT be granted, because I am sure that this court can clearly see that this was a deceptive ploy by the Defendants to gain extra time. Under these circumstances, the Plaintiff's Motion to Remand should be granted.

5. Under the aforementioned circumstances, Defendant's argument in support of removal is unpersuasive because none of the Procedural Requirements for Removal has been satisfied as stated in Defendant's Notice of Removal; therefore, Plaintiff is requesting that this case be remanded back to Superior Court immediately.

**WHEREFORE**, in the interest of justice, Plaintiff prays that this Court grant Plaintiff's Motion to Remand this case back to Superior Court as requested.

Respectfully submitted:

Date: 06-29-18

BY: _____
Lena Thomas, Plaintiff
174 N. Calaveras Street
Fresno, CA  93701-1855
Home Phone: (559) 800-7028

Printed Name: Lena Thomas

---

**FOR COURT USE ONLY:**  (1) [ ] Case remanded as requested (*date*):_____

(2) [ ] Case NOT remanded as requested: (*state reason*):_____

_____

_____

_____

Judge, by:_____ ; Clerk, by:_____, Deputy

5

Lena M. Thomas,
Plaintiff, In Pro Per
174 N. Calaveras Street
Fresno, CA  93701-1855
(559) 800-7028

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| LENA M. THOMAS, an individual | Case No. 1:18-cv-00856-LJO-BAM |
|---|---|
| Plaintiff, | |
| | **[PROPOSED] ORDER** |
| vs. | |
| FACEBOOK, INC., a foreign corporation, And DOES 1-100, unnamed individuals, and DOES 1-20, unnamed corporations, Defendants. | Date:  August 10, 2018<br>Time:  9:00 A.M.<br>Place:  Courtroom #8, (6th Floor)<br>Judge:  Barbara A. McAuliffe<br><br>[Removed from Madera County Superior Court, Case No. MCV077662]<br>Date Filed:  April 19, 201 |

Whereas this matter has come before this Court pursuant to Plaintiff's Motion to Remand, having considered the motion and any opposition thereto, it is hereby:

☐ ORDERED that Plaintiff's Motion to Remand is GRANTED.

☐ ORDERED that, in the Alternative, that this case be stayed or remain in the United States District Court for the Eastern District of California, is GRANTED.

Dated:

                                                              Hon. Judge Barbara. A. McAuliffe