KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA M. THOMAS, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC., a foreign corporation; and DOES 1-100, unnamed individuals; and DOES 1-20, unnamed corporations,<br><br>  Defendants. | Case No. 1:18-CV-00856-LJO-BAM<br><br>**DEFENDANT FACEBOOK, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:      August 10, 2018<br>Time:     9:00 a.m.<br>Dept:      Courtroom 4, 7th Floor<br>Judge:    Hon. Lawrence J. O'Neill<br><br>[Removed from Madera County Superior Court, Case No. MCV077662]<br><br>Date Filed: April 19, 2018 |

## I. INTRODUCTION

Plaintiff Lean Thomas filed a Complaint in state court seeking to assert against Facebook, Inc. numerous federal-law claims, as well as state-law claims. Facebook properly removed the Complaint to federal court based on federal-question jurisdiction, under 28 U.S.C. § 1441(a). Facebook did so within 30 days of the date of service, which is the date on which it signed and returned the Acknowledgment and Notice of Receipt that Plaintiff mailed to it, so removal was timely under 28 U.S.C. § 1446. Plaintiff's arguments to the contrary all fail, and the Court should deny her motion to remand.

## II. BACKGROUND

On April 19, 2018, Plaintiff filed her Complaint in the Madera County Superior Court, in a matter captioned *Lena M. Thomas v. Facebook, Inc.*, Case No. MCV077662.[1] On May 11, 2018, Facebook received by mail a copy a copy of the Complaint, with summons and a Notice and Acknowledgment of Receipt form.[2] The Notice and Acknowledgment of Receipt form stated that the material was mailed on May 2, 2018.[3] Facebook's counsel executed and returned the Notice and Acknowledgment of Receipt to Plaintiff 20 days later, on May 22, 2018.[4]

30 days after that, on June 21, 2018, Facebook filed its Notice of Removal before the Madera County Superior Court and this Court, and served these papers on Plaintiff.[5] 7 days later, on June 28, 2018, Facebook filed its response to the Complaint, asking the Court to transfer this case to the Northern District of California, or, in the alternative, to dismiss the Complaint.[6]

On July 3, 2018, Plaintiff filed a motion to remand,[7] along with an opposition to

---

[1] Declaration of Matan Shacham in Support of Notice of Removal ("Shacham Decl."), Ex. A (ECF No. 1-1).

[2] Shacham Decl. ¶ 3 & Ex. A (ECF No. 1-1).

[3] Shacham Decl., Ex. A (ECF No. 1-1).

[4] Shacham Decl. ¶ 4 & Ex. B (ECF No. 1-1).

[5] Notice of Removal (ECF No. 1) (federal court notice); Proof of Service (ECF No. 3) (state court notice at Ex. A, and proof of service of all papers on Plaintiff).

[6] Notice of Motion and Motion to Transfer, or, in the Alternative, to Dismiss (ECF No. 4).

[7] Plaintiff's Notice of Motion and Motion to Remand ("Remand Mot.") (ECF No. 7).

1291945.

Facebook's motion to transfer or dismiss.[8]

## III. ARGUMENT

### A. Facebook's Removal was Proper Under 28 U.S.C. §§ 1441(a)

Facebook properly removed this matter under 28 U.S.C. § 1441(a), based on federal-question jurisdiction, for the reasons detailed in Facebook's Notice of Removal.

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Here, Plaintiff's Complaint seeks to assert numerous claims under federal law, including under 18 U.S.C. § 1030, 18 U.S.C. §§ 1961-1968, 18 U.S.C. §§ 241-248, 12 U.S.C. § 1976, 18 U.S.C. § 2, and 42 U.S.C. § 1983.[9]  Plaintiff does not dispute that federal-question jurisdiction exists.  Indeed, Plaintiff's Complaint concedes that "[j]urisdiction is founded on the basis of all of the statutes, laws, and allegations as stated above and the existence of . . . federal civil rights statutes pursuant to 28 U.S.C. § 1443 and Tort Claims Acts violations pursuant to 28 U.S.C. §§ 2671-80."[10]  Thus, federal-question jurisdiction exists under 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

Where federal-question jurisdiction exists, the presence of state-law claims does not affect a defendant's ability to remove the complaint.  Under 28 U.S.C. § 1441, a defendant may remove a complaint based on federal-question jurisdiction even if the complaint also contains state-law claims, and the federal court retains the state-law claims so long as supplemental jurisdiction

---

[8] Plaintiff's Notice of Motion and Motion to Demurrer to Defendant Facebook's Notice of Motion and Motion to Transfer, or, in the Alternative, to Dismiss ("Opp. to Mot. to Transfer") (ECF No. 5).

[9] Shacham Decl., Ex. A, at 1, 7, 17, 22, 23, 25 (ECF No. 1-1).

[10] Shacham Decl., Ex. A, at 3-4 (ECF No. 1-1).  Plaintiff further concedes in her filings before this Court that "[u]nder the circumstances, USC § 1331 gives Plaintiff the right to bring a civil action suit against defendants in any district court."  Opp. to Mot. to Transfer, at 3 (ECF No. 5).

exists over those claims.[11]  Supplemental jurisdiction exists, under 28 U.S.C. § 1367, where the state-law claims "are so related to" the federal-law claims "that they form part of the same case or controversy under Article III of the United States Constitution."

Here, supplemental jurisdiction exists over Plaintiff's various state-law claims, such as her claim for intentional infliction of emotional distress.[12]  Based on the Complaint, Plaintiff's claims all appear to be based on the same alleged occurrences, *i.e.*, various Facebook users allegedly making offensive remarks at or about Plaintiff and/or creating fake profiles for her.[13]  Indeed, in several instances, Plaintiff invokes both federal law and state law for the same claim.[14]

Thus, Facebook properly removed the Complaint under 28 U.S.C. § 1441(a) because federal-question jurisdiction exists over Plaintiff's federal-law claims under 28 U.S.C. § 1331, and the Court has supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367.

### B. Plaintiff's Arguments for Remand Fail

Plaintiff offers three arguments for why the Court should remand this case to state court. Each of these arguments fails.

*First*, Plaintiff argues that the removal was untimely.  Plaintiff asserts, without citing any authority, that Facebook was required to file its notice of removal within 30 days of May 2, 2018, the date on which she mailed the Complaint and Notice and Acknowledgment of Receipt to Facebook, rather than within 30 days of May 22, 2018, the date on which Facebook signed and returned the Notice and Acknowledgment of Receipt.[15]  According to Plaintiff, the 20-day

---

[11] 28 U.S.C. § 144(c) (for a complaint containing federal and state law claims, "entire action may be removed if the action would be removable without the inclusion of [state law claims]," and the court shall only sever and remand state law claims "not within the original *or* supplemental jurisdiction of the district court"); *see also Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936-938 (9th Cir. 2003) (where federal-question jurisdiction exists, removal of state-law claims based on supplemental jurisdiction is proper, and the court may retain such supplemental jurisdiction even if federal claims are subsequently dismissed), *amended and superseded on other grounds on denial of reh'g by* 350 F.3d 916 (9th Cir. 2003).

[12] Shacham Decl., Ex. A (Compl.), at 1, 7, 10, 14, 16, 17 (ECF No. 1-1).

[13] *Id.* at 2-3, 5-7 (general allegations for all claims)

[14] *Id.* at 7 (claim 1), 17 (claim 5).

[15] Remand Mot. at 2 (ECF No. 7).

deadline to sign and return the Notice and Acknowledgment of Receipt (under California Code of Civil Procedure § 415.30) and the 30-day deadline to file removal (under 28 U.S.C. § 1446(b)) "run[] concurrently, not separately."[16]

The law is otherwise. The 30-day deadline for removal under 28 U.S.C. § 1446(b) begins to run only once the defendant has been formally served.[17] Where, as here, a plaintiff serves a complaint by mail with a notice and acknowledgment of receipt, using the procedure set forth in California Code of Civil Procedure § 415.30, "[s]ervice of a summons . . . is deemed complete on the date a written acknowledgment of receipt of summons is executed."[18] Thus, as this Court has repeatedly held, "[i]n a case involving service by mail, service is not effective until a notice of acknowledgment of receipt is signed," and the removal clock starts running on that date.[19]

It is undisputed that Facebook signed and returned the Notice and Acknowledgment of Receipt within 20 days of its mailing, and that Facebook subsequently filed and served its removal papers within 30 days after that. Thus, the removal was timely.[20]

***Second***, Plaintiff argues that removal is improper because this case involves "concurrent jurisdiction," *i.e.*, the claims could be heard by the state court as well as by a federal court.[21] But removal is not limited to cases where federal courts have *exclusive* jurisdiction, such that the case could never have been filed in state court. Rather, as discussed above, removal requires only the existence of a federal question, and the statute allows a defendant to remove claims that may also

---

[16] Remand Mot. at 2 (ECF No. 7).

[17] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

[18] Cal. Code Civ. Proc. § 415.30(c).

[19] *Lerma v. URS Fed. Support Servs.*, No. 1:11-cv-00536, 2011 WL 2493764, at *5 (E.D. Cal. June 22, 2011); *accord, e.g.*, *Panchias v. Bullock*, No. 2:12-cv-2082, 2012 WL 5425393, at *2 (E.D. Cal. Nov. 5, 2012) ("Because defendants removed the action less than thirty days after they signed the receipts pursuant to section 415.30 (and returned them to plaintiff), thus completing service, removal was timely.").

[20] For the same reason, Facebook's Motion to Transfer, or, in the Alternative, to Dismiss, which was filed 7 days after removal, was also timely. Fed. R. Civ. P. 81(c)(2) ("A defendant who did not answer before removal must answer or present other defenses . . . 7 days after the notice of removal is filed."). It is also undisputed that Facebook satisfied all other procedural requirements for removal under 28 U.S.C. § 1446, as set forth in Facebook's Notice of Removal (ECF No. 1).

[21] Remand Mot. at 2-3 (ECF No. 7).

be properly pursued in state court, including state-law claims.[22] The two cases cited by Plaintiff have no bearing on this issue. In the first, *Gaus v. Miles, Inc.*,[23] the court remanded a case that was removed based on *diversity* jurisdiction, under 28 U.S.C. § 1441(b), because the removing party offered no evidence that the amount-in-controversy requirement had been met under 28 U.S.C. § 1332.[24] In the second, *Ansley v. Ameriquest Mortgage Co.*,[25] the court remanded because no federal-question appeared on the face of the complaint and the complaint's state-law claim was not completely preempted.[26]

*Third*, Plaintiff argues that removal was improper because Facebook did not meet-and-confer with her under California Code of Civil Procedure § 430.41(a)(2) before removing the case. But this state statute merely provides that a defendant must meet-and-confer before filing a demurrer in California state court; it has no application to removal or to proceedings in federal court. The statute that sets forth removal procedures, 28 U.S.C. § 1446, does not require parties to meet-and-confer before a notice of removal is filed.

Thus, Plaintiff's arguments for remand fail.

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to remand.

Dated: July 23, 2018                                   KEKER, VAN NEST & PETERS LLP

                                                       By:  */s/ Matan Shacham*
                                                              MATAN SHACHAM

                                                              Attorneys for Defendant
                                                              FACEBOOK, INC.

---

[22] 28 U.S.C. §§ 1441(a), (c); *see also Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d at 936-938; section III.A, *supra*.
[23] 980 F.2d 564 (9th Cir. 1992).
[24] *Gaus*, 980 F.2d at 566-67.
[25] 340 F.3d 858 (9th Cir. 2003).
[26] *Id.* at 861-62.

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On July 23, 2018, I served the following document(s):

**DEFENDANT FACEBOOK, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

☑ by **FEDEX**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker, Van Nest & Peters LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

Lena Thomas                                              Plaintiff Pro Se
174 N. Calaveras Street
Fresno, CA  93701-1855
(559) 800-7028
tuccinnis.llc@gmail.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct and that this Proof of Service was executed on July 23, 2018 in San Francisco, California.

*Jacquelynn Smith* (signature)

Jacquelynn Smith